IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-CR-09 |
| | ) | (REEVES/SHIRLEY) |
| ROCKY JOE HOUSTON, | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case was before the Court on March 15, 2013, for a motion hearing on the Defendant's Motions to Dismiss the Indictment [Docs. 20, 28], filed on February 14, 2013, and February 27, 2013, respectively.[1] Assistant United States Attorney David C. Jennings appeared on behalf of the Government. The Defendant proceeded *pro se* with the assistance of elbow counsel Norman D. McKellar.[2] The Court heard the parties' arguments and took the matters under advisement.

### I. POSITIONS OF THE PARTIES

Defendant Houston is charged in an Indictment [Doc. 7] with fourteen counts of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). The Defendant's motion [Doc. 20] states that United States Magistrate Judge Guyton signed a search warrant on December 19, 2012, for the continued surveillance of the Defendant's property while in conflict

---

[1] The Court will address the Defendant's motions to dismiss together because they raise similar arguments.
[2] At the conclusion of the hearing, the Court granted [Doc. 24], the Defendant's motion to remove elbow counsel.

of interest. He alleges that his brother, Clifford Leon Houston, filed a federal civil rights suit against Attorney James F. Logan, Jr. Judge Guyton was originally assigned as the Magistrate Judge in that lawsuit. While the lawsuit was pending, Judge Guyton signed an order pursuant to 28 U.S.C. § 455(a) recusing himself.[3] It appears as though the Defendant argues that because Judge Guyton recused from his brother's lawsuit, Judge Guyton was in conflict of interest when he signed the search warrant allowing the continued surveillance of the Defendant's property. The Defendant's second motion [Doc. 28] makes the same argument with regard to Judge Guyton's recusal in the Defendant's brother's lawsuit. In addition, the Defendant asserts other conflicts of interest, including a lawsuit filed against Judge Guyton in 2012, and that Judge Guyton allegedly has an "extreme and severe hatred, prejudice, and personal bias" against the Defendant and his family. The Defendant argues that pursuant to 28 U.S.C. § 455(a), the Indictment must be dismissed.[4]

The Government responds [Doc. 33] that the Defendant has not demonstrated a personal bias on the part of Judge Guyton and cannot meet the burden established by 28 U.S.C. § 455(a). It asserts that the Defendant's allegations are nothing more than conclusory statements reflecting his own subjective view. The Government concludes that the motions to dismiss should be denied.

---

[3] The Defendant's motion [Doc. 20] states that Judge Guyton recused on December 2, 2011. His second motion [Doc. 28] states that Judge Guyton recused on January 20, 2012. Clifford Houston filed at least four different lawsuits against Attorney Logan in 2011 and early 2012. The Court has reviewed the record, and it appears that the lawsuit the Defendant is referring to in his motions was filed on January 17, 2012, and that Judge Guyton recused on January 20, 2012. See Clifford Leon Houston v. James F. Logan, Jr., et al., 3:12-mc-02 [Doc. 2].

[4] The Defendant also asserts in his motion that Judge Guyton "has to be investigated for violation of his sworn oath, violation of the laws of the State of Tennessee[], and the laws of the United States of America." The Defendant does not articulate his basis for this argument nor does he provide any factual support. The Court, therefore, will not address this unsupported accusation.

2

## II.   ANALYSIS

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enable him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling, 418 U.S. 87, 117 (1974); United States v. Landham, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting Hamling). An indictment may allege the charges using the words of the statute itself as long as it gives all the elements of the offense "fully, directed, and expressly[.]" Hamling, 418 U.S. at 117 (quoting United States v. Carll, 105 U.S. 611, 612 (1882)); Landham, 251 F.3d at 1079. Moreover, the statutory language "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" Hamling, 418 U.S. at 117-18 (quoting United States v. Hess, 124 U.S. 483, 487 (1888)); Landham, 251 F.3d at 1079. With these principles in mind, the Court examines the Defendant's arguments for the dismissal of the Indictment.

**A. Sufficiency of Indictment**

The Defendant argues that the Indictment should be dismissed because Judge Guyton signed a search warrant for his property while having a conflict of interest. This argument does not provide a basis to dismiss the Indictment. The Supreme Court has held that indictments cannot be challenged upon the ground that they are not supported by adequate or competent evidence. Costello v. United States, 350 U.S. 359, 363-64 (1956). "An indictment returned by a legally constituted and unbiased grant jury . . . if valid on its face, is enough to call for trial of the

charge on the merits. The Fifth Amendment requires nothing more." Id. at 363. Accordingly, even if a judge has a conflict of interest when he or she signed a search warrant, which leads to evidence against the defendant, the judge does not issue the Indictment. Instead, the grand jury issues the indictment based upon a finding of probable cause. See Fed. R. Crim. P. 6.

In the instant case, the Defendant does not argue that the Indictment is legally or procedurally insufficient, and the Court finds that it is not. See United States v. Overmyer, 899 F.2d 457, 465 (6th Cir. 1990) (noting the "well-accepted principle that grand jury indictments are presumed valid"). As mentioned above, an indictment is sufficient as long as it fairly informs a defendant of the crimes charged and protects the defendant against double jeopardy. In the present matter, the Indictment charges the Defendant with fourteen counts of being a felon in possession of firearms. In each count, the date is provided and the language tracks the language of the statute that the Defendant allegedly violated. The Court finds that the Indictment provides the Defendant with notice of the statute that he allegedly violated and protects him from double jeopardy. The Indictment is constitutionally sound. Accordingly, the Court finds that the Defendant has not alleged any basis to dismiss the Indictment and recommends that his Motions to Dismiss [Docs. 20, 28] be denied.

### B. Conflicts of Interest

Although it does not provide a basis for dismissal of the Indictment, the Court will briefly address the Defendant's contention that United States Magistrate Judge H. Bruce Guyton had a conflict of interest at the time of the inception of this case. The Court observes that the Defendant was arrested on a Criminal Complaint [Doc. 3] signed by Judge Guyton and that Judge Guyton conducted the initial appearance on that criminal complaint. The Defendant asserts

4

three specific conflicts of interest: (1) Judge Guyton recused himself in his brother's lawsuit; (2) the Defendant's brother filed a lawsuit against Judge Guyton; and (3) the Defendant's conclusory allegations that Judge Guyton hates the Defendant and his brother.[5] The Court will address the Defendant's arguments in turn.

"[A] judge is presumed to be impartial, and the party seeking disqualification 'bears the substantial burden of proving otherwise.'" Scott v. Metro. Health Corp., 234 F. App'x 341, 352 (6th Cir. 2007) (quoting United States v. Denton, 434 F.3d 1104, 1111 (8th Cir. 2006)). Pursuant to 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In addition, § 455(b)(1) provides that a judge shall also disqualify himself "[w]here he has a personal bias or prejudice concerning a party." The test for recusal is whether "a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." United States v. Tolbert, 459 F. App'x 541, 545 (6th Cir. 2012) (quoting United States v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990)). "When a party cannot show partiality stemming from an extra-judicial source or personal bias, recusal is only necessary in rare circumstances." Id. As the Sixth Circuit explained:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

Id. (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). "Section 455 is designed 'to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever

---

[5] As mentioned above, the Defendant asserts that Judge Guyton had a conflict of interest pursuant to 28 U.S.C. § 455(a). To the extent the Defendant also argues that Judge Guyton was not a neutral and detached magistrate judge when he signed the search warrant, the Court will address that argument in a separate Report and Recommendation relating to the Defendant's request to suppress the evidence in this case.

possible.'" Scott, 234 F. App'x at 354 (quoting Union Planters Bank v. L & J Dev. Co., 115 F.3d 378, 383 (6th Cir. 1997)).

*(1) Judge Guyton's Previous Recusal*

The Defendant asserts that in Clifford Leon Houston v. James F. Logan, Jr., et al., 3:12-mc-02, Judge Guyton entered an Order [Doc. 2] recusing himself pursuant to 28 U.S.C. § 455(a). The Court notes that Judge Guyton was named as a defendant in this lawsuit.[6] The Defendant seems to argue that once a judge recuses in a case, he or she has a conflict of interest in any subsequent cases or matters that come before such judge. There are several problems with the Defendant's argument.

First, a judge's recusal in a prior case does not alone require disqualification in a subsequent case. See Communities for Equity v. Mich. High School Athletic Ass'n, 459 F.3d 676, 698 (6th Cir. 2006) (citing Person v. Gen. Motors Corp., 730 F. Supp. 516, 518-19 (W.D.N.Y. 1990)); see also U.S. v. Partin, 312 F. Supp. 1355, 1358 (E.D. La. 1970) (observing that "[t]he fact that the Court felt that the ends of justice would best be served by recusation in that particular case can, of course, have no bearing on the Court's refusal to recuse itself in the present instance. The present case involves only this one defendant, and it involves an entirely different charge . . . ."). Likewise, Judge Guyton's recusal in a previous civil matter does not mean that he could not later sign a search warrant in or preside over a subsequent criminal case. Moreover, the prior civil lawsuit has absolutely nothing to do with the Defendant's Indictment.[7] Finally, Judge Guyton recused in the Defendant's brother's lawsuit. The prior lawsuit and Judge

---

[6] See infra Part II, B(2).
[7] The civil lawsuit involved allegations of "conspiracy to interfere with civil rights"; "providing material support to terrorist[s]"; terrorism; and so forth. It has nothing to do with the present Indictment.

6

Guyton's recusal thereof has absolutely nothing to do with the Defendant. Accordingly, the Court finds that a reasonable person would not question Judge Guyton's impartiality because he recused in the Defendant's brother's civil lawsuit.

### (2) The Lawsuit against Judge Guyton

On February 7, 2012, the Defendant's brother filed a federal civil rights complaint against numerous defendants,[8] including Judge Guyton, for twenty-five million dollars, in Clifford Leon Houston v. Stacia Hilton, et al., 3:12-mc-08. Although the Defendant alleges that the complaint is still pending in the United States District Court for the Eastern District of Tennessee, court records show that this case was terminated on March 16, 2012, because Clifford Houston did not pay the filing fee or file an application to proceed *in forma pauperis*.[9] The Defendant appears to argue that because his brother filed a lawsuit against Judge Guyton, Judge Guyton had a conflict of interest when he signed the search warrant for the continued surveillance of the Defendant's property.

"Recusal is not required simply because one of the parties has initiated litigation against the presiding judge." Callihan v. Eastern Ky. Prod. Credit Ass'n, No. 89-5578, 1990 WL 12186, at *2 (6th Cir. Feb. 13, 1990) (citing United States v. Studley, 783 F.2d 934, 939-40 (9th Cir. 1986)). In fact, numerous courts have held that filing a lawsuit against a judge is not sufficient to establish partiality under § 455(a). See In re Trader, 419 F. App'x 170, 170-71 (3d Cir. 2011) (denying petitioner's argument that the judge should recuse because the petitioner named the

---

[8] The Court notes that the complaint names forty-five defendants, including state and federal judges, local attorneys, United States Attorney General Eric Holder, Jr., the Federal Bureau of Investigations, and Governor Bill Haslam.

[9] See Clifford Leon Houston v. Jack Stockton et al., 3:11-mc-25 [Doc. 3] (noting that five complaints filed by Clifford Houston, including Clifford Leon Houston v. Stacia Hilton et al., 3:12-mc-08, were dismissed for failing to pay the filing fee or filing an application to proceed *in forma pauperis*).

7

judge as a defendant in a civil rights lawsuit, noting that it would encourage litigants to "improperly judge shop"); Studley, 783 F.2d at 940 (stating that "[a] judge is not disqualified by a litigant's suit or threatened suit against him"); United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977) (noting that "[a] judge is not disqualified merely because a litigant sues or threatens to sue him"); Marshall v. Yates, No. 3:06-cv-611, 2007 WL 471166, at *1 (W.D. Ky. Feb. 7, 2007) (stating that "[t]he mere fact that this judge may be one of the numerous federal judges that [p]laintiff has filed against is not sufficient to establish that his recusal from this case is warranted") (other citations omitted). As explained by the Seventh Circuit:

> There is no rule that requires a judge to recuse himself from a case, civil or criminal, simply because he was or is involved in litigation with one of the parties. One reason for this policy is that a per se rule of disqualification would allow litigants to judge shop by filing a suit against the presiding judge. And even if litigation against a judge is not for the purpose of disqualification, recusal is not automatic because suits against public officials are common and a judge would likely not harbor bias against someone simply because the person named him in a meritless civil suit.

In re Taylor, 417 F.3d 649, 652 (7th Cir. 2005).

The Defendant cites no law to support his argument. To the contrary, and as mentioned above, a judge is not disqualified simply because a defendant files or has filed a lawsuit against him or her. In addition, the civil lawsuit was terminated nine months before Judge Guyton signed the search warrant due to the plaintiff's failure to pay the filing fee or file an application to proceed *in forma pauperis*.[10] Finally, the civil lawsuit against Judge Guyton was not even filed by the Defendant but was filed by his brother. The lawsuit has nothing to do with the

---

[10] The Court notes that United States District Judge Varlan, in dismissing three of Clifford Leon Houston's lawsuits, stated that his "failure to pay the necessary filing fee or to fill out and submit an application to proceed *in forma pauperis* demonstrates a lack of belief in the merit of his claims to the extent that he finds it necessary to proceed forward with the filing of them." Clifford Leon Houston v. Jack Stockton et al., 311-MC-25 [Doc. 3 at 13]

8

Defendant's Indictment. Accordingly, the Court finds that a reasonable person would not question Judge Guyton's impartiality based upon these circumstances.

*(3) Defendant's Subjective Allegations of Bias*

Finally, the Defendant asserts that Judge Guyton has an "extreme and severe hatred, prejudice and personal bias against" him and his brother. The Defendant does not elaborate on why he believes Judge Guyton hates him. At the hearing, the Defendant claimed that Judge Guyton has motive to murder him and his family because the Defendant and his brother have filed lawsuits against Judge Guyton. It is clear that the requirement under § 455(a) is an objective standard and "the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." Sammons, 918 F.2d at 599 (quoting Browning v. Foltz, 837 F.2d 276, 279 (6th Cir. 1988)). The Court finds that a reasonable, objective, and well-informed person in the community could not reasonably question Judge Guyton's impartiality on the basis advanced by the Defendant or under these circumstances.

The Court has examined each of the "conflicts" alleged by the Defendant and finds that none of these would require Judge Guyton to refrain from working on the instant criminal case.

### III. CONCLUSION

After carefully considering the parties' filings and arguments, the Court finds that there is no basis to dismiss the Indictment. For the reasons set forth herein, it is **RECOMMENDED** that the Defendant's Motions to Dismiss [**Docs. 20, 28**] be **DENIED**.[11]

Respectfully submitted,

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge

---

[11] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).