UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
(at Knoxville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 13-09-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ROCKY JOE HOUSTON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of *pro se* Defendant Rocky Joe Houston's motion for recusal of the undersigned pursuant to 28 U.S.C. § 455. [Record No. 60] In support, Houston alleges claims of judicial bias and conflict of interest. The Court finds the motion to be wholly frivolous. Accordingly, the relief sought will be denied.

**I.**

Judicial disqualification is required under 28 U.S.C. § 455(a) "in any proceeding in which [the Court's] impartiality might reasonably be questioned." Section 455(b)(1) further requires disqualification "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The standard for judicial disqualification is set forth in *Liteky v. United States*, 510 U.S. 540 (1994):

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.

-1-

> Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . *Not* establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune.

*Id.* at 555.

The Sixth Circuit has adopted the *Liteky* standard in judicial disqualification cases. *See, e.g.*, *Lyell v. Renico*, 470 F.3d 1177, 1186-87 (6th Cir. 2006). The undersigned is also mindful that the Sixth Circuit has cautioned that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (alteration in original) (citation omitted). In short, unnecessary recusals waste judicial resources. *City of Cleveland v. Krupansky*, 619 F.2d 576 (6th Cir. 1980). Likewise, granting groundless disqualification motions also encourages judge-shopping.

## II.

The federal grand jury returned the Indictment in this case on January 15, 2013, charging Houston with violations of 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm.

-2-

[Record No. 7] On January 16, 2013, Houston appeared before United States Magistrate Judge C. Clifford Shirley, Jr., for his initial arraignment and a detention hearing.

On March 15, 2013, for reasons unrelated to Houston's allegations of conflicts of interest of United States District Court Judge Thomas A. Varlan, this case and several others were reassigned to the undersigned pursuant to 28 U.S.C. § 137. [Record No. 35] Houston has now moved the Court for the undersigned to recuse from this matter. [Record No. 60] Houston seems to argue that recusal is appropriate because Judge Varlan reassigned this case "while in conflict of interest and while having a deep-seated (*sic.*), severe and extreme hatred, prejudice and personal bias against the defendant and the defendant's brother," and "while being a material witness in [this] proceeding."[1] [*Id.*] However, as discussed below, the point is without merit.

Title 28 of the United States Code, Section 137, states in relevant part that the court's business "shall be divided among the judges as provided by the rules and orders of the court" and that the "chief judge of the district court shall be responsible for the observance of such rules and orders, and shall divide the business and assign the cases so far as such rules and orders do not otherwise prescribe." 28 U.S.C. § 137. In accordance with this statutory authority, the chief judge of a district court has the authority to assign cases among district judges, including district judges sitting by designation. *See id.* § 137. This case was reassigned to the undersigned to assist in expediting disposition of the volume of cases now pending in the Eastern District of

---

1  Houston also alleges that because he has previously subpoenaed Judge Varlan to testify in various other criminal matters, it was improper for Judge Varlan to reassign this matter to the undersigned. [Record No. 60]

-3-

Tennessee. Reassignment does not demonstrate bias towards Houston, and the action does not substantiate Houston's vague and general assertions of a conflicts of interest.

Houston's arguments do not constitute grounds for recusal by the undersigned. Houston seems to believe that if Judge Varlan has an alleged conflict of interest, he is incapable of properly reassigning this criminal matter. Under this circular and nonsensical logic, Judge Varlan would be unable to reassign this matter to any other judge. This simply is incorrect. As explained above, this matter was properly reassigned to the undersigned in accordance with 28 U.S.C. § 137.

Additionally, Houston has neither alleged nor offered any evidence of partiality or of a conflict of interest that would reasonably draw into question the ability of the undersigned to preside over this matter. 28 U.S.C. § 455(a); *United States v. Tolbert*, 459 F. App'x 541, 545 (6th Cir. 2012). The defendant has also failed to allege or present any facts to substantiate a finding that the undersigned harbors any personal bias, prejudice, or personal knowledge of disputed evidentiary facts concerning this proceeding. *See* 28 U.S.C. § 455(b)(1).

Next, Houston cites 28 U.S.C. § 455(b)(5)(iii) and (b)(5)(iv), which provide that a district judge shall disqualify himself where:

> he or his spouse, or a person within the third degree of relationship to either of them, or spouse of such person:
>
> (iii) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>
> (iv) is to the judge's knowledge likely to be a material witness in the proceeding.

-4-

Case 3:13-cr-00009-PLR-CCS   Document 61   Filed 05/24/13   Page 4 of 6   PageID #: 515

28 U.S.C. § 455(b)(5)(iii) – (iv). Again, Houston fails to even allege facts which would support his argument under this statutory section. Additionally, a working relationship between two United States District Judges does not constitute "a person within the third degree of relationship" pursuant to 28 U.S.C. § 455. *Perpich v. Cleveland Cliffs Iron Co.*, 927 F. Supp. 226, 232 (E.D. Mich. 1996); *Houston v. Wicks*, No. 11-6557, 2012 U.S. App. LEXIS 22295, at *1 (6th Cir. Oct. 25, 2012).

Houston has failed to properly raise an issue of judicial bias or conflict of interest that would reasonably draw into question the Court's impartiality. Houston's assertions to the contrary are misplaced, and only seem to reflect his personal dissatisfaction with having to stand trial for his alleged actions as set out in his criminal indictment. It is well-settled that personal dissatisfaction and the subjective view of a party, however, are insufficient grounds to warrant disqualification. *United States v. Beasley*, No. 1:03-CR-106, 2006 U.S. Dist. LEXIS 87702, at *7 (E.D. Tenn. Dec. 1, 2006). In short, it cannot be asserted in good faith that reassignment of this matter to the undersigned constitutes grounds for recusal under 28 U.S.C. § 144 or § 455.[2]

### III.

For the reasons discussed herein, it is hereby

**ORDERED** that Defendant Rocky Joe Houston's motion for the undersigned to recuse from further proceedings in this case [Record No. 60] is **DENIED**. His request for a hearing on the issue is also **DENIED**.

---

[2] Additionally, because this matter was properly reassigned to the undersigned, Houston's contention that a mistrial is appropriate is found to be without merit.

This 24th day of May, 2013.



Signed By:
*Danny C. Reeves* DCR
United States District Judge