IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-CR-9 |
| | ) | |
| ROCKY JOE HOUSTON, | ) | (REEVES / SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court the Defendant's Motion to Dismiss Indictment [Doc. 88]. On August 27, 2013, the Court granted [Doc. 87] the Defendant's request to file this motion out of time. The Government responded [Doc. 92] to the substance of the Motion to Dismiss Indictment on September 11, 2013. The Court took the motion, supporting legal memorandum, and response under advisement at that time. The Court finds no need to hold a hearing on the motion.

**I. POSITIONS OF THE PARTIES**

The Defendant is charged [Doc. 7] with fourteen counts of being a felon in possession of a firearm on the following dates: October 11, 15, 20, 23, 24, and 25, 2012; November 5, 14, 16, and 20, 2012; December 14, 19, and 22, 2012; and January 11, 2013. The Defendant argues that the instant Indictment must be dismissed because he was not a convicted felon at the time he is alleged

1

to have possessed firearms. He asserts that on July 27, 2010, the Roane County Criminal Court entered a judgment of conviction for felony evading arrest in the case of <u>State of Tennessee vs. Rocky Joe Houston</u>, Case No. 13226. The Defendant alleges that he timely appealed this judgment as a matter of right to the Tennessee Court of Criminal Appeals, Case No. E2011-01855- CCA-R3-CD. He argues that his appeal was still pending at the time of the conduct alleged in the instant Indictment and that the Tennessee Court of Criminal Appeals did not rule upon his appeal until February 11, 2013.[1] Accordingly, he contends that the Roane County judgment was not a "conviction" under Tennessee law and he was not a "prohibited person" under 18 U.S.C. § 922(g)(1) at the time of the alleged offenses.

The Government responds that whether the Defendant is a prohibited person under the statute turns upon his status at the time of the alleged conduct. It contends that because the Defendant had been convicted by a jury and sentenced by the Roane County Criminal Court at the time he is alleged to have possessed firearms, the Defendant had a felony conviction under Tennessee law, his pending direct appeal notwithstanding. Accordingly, the Government maintains that the Defendant's motion to dismiss should be denied.

## II. ANALYSIS

The Court begins with the basic constitutional requirement that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a

---

[1] The Tennessee Court of Criminal Appeals affirmed the Defendant's felony conviction. <u>State v. Rocky Joe Houston</u>, No. E2011–01855–CCA–R3–CD, 2013 WL 500231 (Tenn. Crim. App. Feb. 11, 2013). The Tennessee Supreme Court denied the Defendant's appeal of this ruling on May 8, 2013. Accordingly, to this day, the Defendant remains a convicted felon.

2

grand jury[.]" U.S. Const. amend. V. "[A] trial may be held in a serious federal criminal case only if a grand jury has first intervened" and issued an indictment or presentment. Russell v. United States, 369 U.S. 749, 760-61 (1962). Legally insufficient indictments implicate not only the right to a grand jury's determination of probable cause to believe that the offense occurred but also the Fifth Amendment's guarantee of due process of law and protection against being twice placed in jeopardy for the same offense. Hamling v. United States, 418 U.S. 87, 177 (1974); Russell, 369 U.S. at 761. Also relevant is the Sixth Amendment's provision that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and the cause of the accusations[.]" U.S. Const. amend. VI; Russell, 369 U.S. at 761.

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling, 418 U.S. at 117; United States v. Landham, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting Hamling). An indictment may allege the charges using the words of the statute itself as long as it gives all the elements of the offense "'fully, directly, and expressly[.]'" Hamling, 418 U.S. at 117 (quoting United States v. Carll, 105 U.S. 611, 612 (1882)); Landham, 251 F.3d at 1079. Moreover, the statutory language "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" Hamling, 418 U.S. at 117-18 (quoting United States v. Hess, 124 U.S. 483, 487(1888)); Landham, 251 F.3d at 1079.

3

With these guiding principles in mind, the Court examines (1) whether the Defendant may challenge the sufficiency of the Indictment by arguing that he is not a prohibited person before trial and (2) whether the Defendant was a prohibited person under 18 U.S.C. §922(g)(1) at the time he is alleged to have possessed firearms in the Indictment.

### A. Propriety of Pretrial Determination

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). Specifically, a defect in the indictment, such as its failure to state an offense, can be challenged before trial. Fed. R. Crim. P. 12(b)(3)(B). On the other hand, indictments cannot be challenged upon the ground that they are not supported by adequate or competent evidence. Costello v. United States, 350 U.S. 359, 363-64 (1956). "An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." Id. at 363. Resolution of a pretrial motion to dismiss the indictment for failure to state an offense is appropriate when the "facts surrounding the alleged offense [are] virtually undisputed and trial of the substantive charges would not substantially assist the court in deciding the legal issue raised by the motion to dismiss the indictment." United States v. Jones, 542 F.2d 661, 665 (6th Cir. 1976). In Jones, the appellate court held that the district court properly decided the defendant's motion to dismiss the indictment "because [the motion] raised the legal question of whether [the statute at issue] was intended to apply to interspousal wiretaps" and the facts relating to the issue were "virtually undisputed[.]" Id.

Similarly, in United States v. Levin, the Court of Appeals for the Sixth Circuit determined

4

that "the district court concluded from undisputed extrinsic evidence that a Federal Rule of Criminal Procedure 12(b) pretrial motion to dismiss the indictment was well-taken because the government was, as a matter of law, incapable of proving beyond a reasonable doubt the intent required to convict the appellees of the controversial counts of the indictment which were dismissed with prejudice." 973 F.2d 463, 470 (6th Cir. 1992). The court held this disposition of the case upon a pretrial motion was appropriate because the motion raised "a legal issue, namely the ability of the government to prove intent which was an integral element of [the statute charged] . . . after the trial court had considered undisputed extrinsic evidence." Id.

From these cases and Rule 12(b), the Court distills two requirements for addressing a motion to dismiss the indictment which alleges that the government cannot establish the offense charged as a matter of law: (1) the issue raised must be a question of law and (2) the relevant facts must be undisputed. Levin, 973 F.2d at 470; Jones, 542 F.2d at 665. The undisputed nature of the evidence is an important predicate to a court's determination of a motion to dismiss the indictment. If the evidence relating to the issue raised by the parties is disputed, the Court runs the risk of treading upon the role of the grand jury:

> When a body of citizens, properly chosen and constituted as a grand jury, finds probable cause to believe that a crime has been committed within its jurisdiction, that finding is sufficient to require a trial. The indictment is not evidence, as every petit jury in a criminal case is instructed. The prosecution must still produce evidence from which the trial jury can find every element of the offense proven beyond a reasonable doubt, or the defendant is entitled to a judgment of acquittal. However, the prosecution's evidence is tested at trial, not in a preliminary proceeding.

United States v. Short, 671 F.2d 178, 183 (1982); see also Levin, 973 F.2d at 472 (Boyce, J., dissenting) (decrying "the district court's pre-trial decision that the government would not be able

5

to establish the requisite criminal intent at trial [as being], in essence, a decision that the indictment was based on insufficient or inadequate evidence").

In the instant case, the Defendant is charged with a violation of 18 U.S.C. § 922 (g)(1), which states in pertinent part as follows:

> (g) It shall be unlawful for any person–
>
>> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
>>
>> . . . .
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

The Defendant argues that he his not a prohibited person under the statute because he had not yet been convicted of a felony at the time the Indictment alleges he possessed firearms. He asserts that his felony conviction was not final because it was still on direct appeal at that time.

The Court finds that the issue of whether a Tennessee felony conviction on direct appeal is a "conviction" within the meaning of § 922(g)(1) is a legal, rather than a factual issue. It also finds that the facts relevant to the determination of this limited issue–the date the Defendant's Roane County judgment of conviction was entered and the date his direct appeal was decided–are not in dispute. Accordingly, the Court finds that although the Defendant is essentially arguing that the Government cannot prove that he was a felon at the time of the alleged possession of firearms, the issue can be determined pretrial because it involves a legal question as to which the relevant facts are undisputed.

6

## B. Defendant's Status as a Prohibited Person under 18 U.S.C. § 922(g)(1)

The Defendant contends that his Roane County judgment of conviction for felony evading arrest was not a final judgment prior to February 11, 2013, because his direct appeal of that judgment was still pending. Relying on Tennessee case law, he argues that a criminal judgment is not final and, therefore, not a "conviction," until all appeals have been exhausted. In support of this argument, he states that the Tennessee Court of Appeals has held that a criminal judgment of conviction is not a final judgment for collateral estoppel purposes when the criminal judgment is on direct appeal. Wilkerson v. Leath, No. E2011-00467-COA-R3-CV, 2012 WL 2361972, *6 (Tenn. Ct. App. June 22, 2012). Accordingly, the Defendant argues that he was not a prohibited person under § 922(g)(1) at the time he is alleged to have possessed firearms in the instant Indictment.

The Government disagrees. It argues that the Defendant's status on the date of the offense is what determines whether he was a prohibited person under the statute, and the fact that status was either subsequently upheld or invalidated is irrelevant. It contends that the Defendant was convicted in July 2010 in Roane County of Class E felony evading arrest and was sentenced to one-year of imprisonment. Thus, it argues that the Defendant was a convicted felon from October 11, 2012, through January 11, 2013, when he is alleged to have possessed firearms in the Indictment. Additionally, the Government argues that looking to Tennessee criminal law and procedure, the "technical" meaning of "conviction," which is after a verdict or plea and the imposition of a sentence, applies in reference to the consequences of the conviction.

As "in any case concerning the interpretation of a statute, the 'starting point' must be the language of the statute itself." Lewis v. United States, 445 U.S. 55, 60 (1980). Section 922(g)(1) defines a prohibited person as someone "who has been convicted in any court of, a crime punishable

7

by imprisonment for a term exceeding one year[.]" Nothing in the plain language of § 922(g)(1) limits or qualifies the word "convicted." Section 921(a)(20) directs that "[w]hat constitutes a conviction [for purposes of § 922(g)(1)] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."[2] Citing to § 921(a)(20), the Defendant argues that whether the entry of a judgment of conviction by the Roane County Criminal Court constituted a "conviction" for purposes of constituting a predicate felony under §922(g)(1) must be determined by Tennessee law.

The Fifth Circuit has explained the purpose of § 921(a)(20):

> Section 921(a)(20) was added to the Federal Gun Control Act by [the Firearms Owners' Protection Act (FOPA)] in 1986 to give federal effect to state statutes that fully "restore" the civil rights of convicted felons when they are released from prison, or are granted a pardon, or have their convictions expunged. In effect, FOPA gave the states'

---

[2] Section 921(a)(20) provides in full as follows:

The term "crime punishable by imprisonment for a term exceeding one year" does not include–

(A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or

(B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

8

statutes federal effect by allowing the state that obtained the conviction to determine eligibility of the felon to possess a firearm without violating federal law.

United States v. Thomas, 991 F.2d 206, 209 (5th Cir. 1993); United States v. Orellanes, 809 F.2d 1526, 1528 (11th Cir. 1987) (observing that the Senate Report for FOPA reveals that Congress intended for "conviction" to be determined by the law of the jurisdiction that held the underlying proceeding); see also United States v. Hall, 979 F.2d 77, 80 (6th Cir. 1992) (relying on Orellanes to look to state law to determine "whether an unsentenced guilty plea constitutes a conviction under the [Armed Career Criminal Act]").

With regard to a criminal conviction, the Tennessee Court of Criminal Appeals has observed that "what is meant by 'conviction' actually depends upon the context in which it is being used." State v. Vasser, 870 S.W.2d 543, 546 (Tenn. Crim. App. 1993).

> In a general sense, a "conviction" has been defined as "the result of a criminal trial which ends in a judgment or sentence that the accused is guilty as charged." Black's Law Dictionary 333 (6th ed. 1990). In one sense, it is viewed as necessarily including the judgment on the finding of guilt or verdict. In McClain v. State, 186 Tenn. 401, 210 S.W.2d 680, 681 (1948), the Court stated that absent "a minute entry showing that the Trial Judge approved the verdict . . . and sentenced the Defendant, the conviction of guilt is incomplete."
> . . . . In fact, this has been called the "technical" meaning of "conviction." Vasquez v. Courtney, 272 Or. 477, 537 P.2d 536, 537 (1975).
>
> Actually, the technical meaning is used in terms of requiring a "judgment of conviction." See Tenn. R. Crim. P. 32(e) ("judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence"). In this sense, the judgment provides the legal authority for the executive branch of government to incarcerate a person who is sentenced to confinement. See T.C.A. §§ 40–20–101, 40–23–101. Also, the technical meaning is normally used, absent statutory definition to the contrary, when referring to the indirect or subsequent consequences which might result, such as,

9

> future civil disabilities. See Vasquez v. Courtney, 537 P.2d at
> 537–538 and cases cited therein.

Id. at 545-46. Accordingly, the Court finds that the Defendant's Roane County judgment of conviction, which sets forth the jury's verdict and his sentence, is a "conviction" under Tennessee law for the purpose of establishing the consequence of his federal firearms disability.

The Court also notes that under Tennessee law, the Defendant could have been impeached with evidence of his Roane County conviction in any court following the July 2010 judgment, even if and while an appeal was pending. Tennessee Rule of Evidence 609(e) provides that "[t]he pendency of an appeal of a conviction does not render evidence of that conviction inadmissible . . . ." The Advisory Commission Comments to Tennessee Rule 609 note that "[p]art (e) permits impeachment by a conviction because, under Tennessee law, the convict is presumed guilty upon judgment." Thus, in Tennessee, a judgment of conviction in the trial court creates a presumption of guilt and constitutes admissible impeaching evidence against the defendant, even if the conviction is on appeal. Because the appeal is *from a conviction*, the distinction between a conviction and the exhaustion of all appeals of that conviction is patently clear. Under Tennessee law, the legal consequences and disabilities from a conviction (incarceration, inability to vote, firearms disabilities, etc.) attach following the entry of judgment in the trial court, not upon the exhaustion of all appeals.

The Defendant objects that his Roane County judgment of conviction was not a "final judgment" at the time of the conduct alleged in the Indictment because he was pursuing a direct appeal. The Court observes that the Defendant could not have appealed the judgment of conviction were it not a final judgment. See Tenn. Code Ann. § 16-5-108(a)(1) (providing that "[t]he jurisdiction of the court of criminal appeals shall be appellate only, and shall extend to review of the

10

*final judgments* of trial courts in . . . [c]riminal cases, both felony and misdemeanor") (emphasis supplied); State v. Maddox, 603 S.W.2d 740, 741 (Tenn. Crim. App. 1980) (holding that pursuant to Tennessee Rule of Appellate Procedure 3 "appeals . . . may be taken only from *final judgments*") (emphasis supplied). "In Tennessee, a judgment is final 'when it decides and disposes of the whole merits of the case leaving nothing for the further judgment of the court.'" Richardson v. Tennessee Bd. of Dentistry, 913 S.W.2d 446, 460 (Tenn. 1995); State v. Comer, 278 S.W.2d 758, 761 (Tenn Crim. App. 2008) (quoting Richardson). The Defendant raises Wilkerson v. Leath, No. E2011–00467–COA–R3–CV, 2012 WL 2361972, *6 (Tenn Ct. App. 2012), to argue that a criminal judgment of conviction is not final until all appeals are exhausted. The Court finds that this case addresses when a criminal judgment "was final for collateral estoppel purposes" and is not determinative of when a "conviction" has occurred. See id.

Moreover, federal case law supports a finding that "conviction" does not mean a judgment as to which all appeals have been exhausted. The Sixth Circuit has held that it is the defendant's status as a felon on the day he possessed firearms that determines whether he or she is a prohibited person, not whether the predicate felony conviction is subsequently invalidated. United States v. Olender, 338 F.3d 629, 636 (6th Cir. 2003); United States v. Morgan, 216 F.3d 557, 565-66 (6th Cir. 2000); see also United States v. Robinson, 191 F. App'x 408, 410 (6th Cir. 2006) (affirming 922(g) conviction despite state court subsequently amending judgement of predicate conviction to a misdemeanor from a felony); United States v. Settle, 394 F.3d 422, 431 (6th Cir.) (holding state court's subsequent invalidation of predicate felony is "irrelevant" to the defendant's status as a felon at the time the police cited him for possessing a firearm), vacated on other gnds, 545 U.S. 1102, reinstated in relevant part, 414 F.3d 629 (6th Cir. 2005). In Olender, the defendant was convicted

11

in state court of felonious assault and subsequently convicted in federal court of being a felon in possession of ammunition. 338 F.3d at 631. After his federal conviction, the state court determined that Olender's felony assault conviction was entered erroneously. Id. Olender argued that this action by the state court was "newly discovered evidence" that required the court to vacate his federal conviction under § 922(g). Id. Citing to the Supreme Court in Lewis,[3] our appellate court held that "[t]he defendant's status on the date of the offense controls whether the felon in possession laws have been violated." Olender, 338 F.3d at 636.

Similarly, in Morgan, the court held that "[t]he statutory structure of § 922 further indicates that Congress intended to establish a class of individuals who are presumptively dangerous and did not limit the class to those who are validly convicted, or even indicted."[3] 216 F.3d at 566.

> The plain language of § 921(a)(20), "has had" civil rights restored, means that once a defendant's civil rights have been restored, that

---

[3] In Lewis, the Supreme Court examined the constitutionality of a statute that, like § 922(g), prohibited the possession of firearms by any person who "has been convicted by a court of the United States or of a State . . . of a felony." 18 U.S.C. App. § 1202(a)(1) (repealed 1986 and incorporated into §§ 921-26). The Court held that the plain language of the statute did not restrict the term "convicted" and, thus, a firearms disability applied "until the conviction is vacated or the felon is relieved of his disability by some affirmative action[.]" Lewis, 445 U.S. at 60-61. In a footnote, the Supreme Court observed that "the [federal firearms] disability effected by § 1202(a)(1) would apply while a felony conviction was pending on appeal." Id. at 61, n.5; see also United States v. Liles, 432 F.2d 18, 19-21 (9th Cir. 1970) (upholding a §1202 conviction when the possession of firearms occurred during the pendency of an appeal of the predicate conviction). The Court finds that the same reasoning would apply to § 922(g)(1).

[3] Section 922(n) provides that "[i]t shall be unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(n).

12

> conviction for which he lost his civil rights can no longer be used as a predicate offense under § 922(g)(1). Said conversely, as in Lewis, "a felony conviction imposes a firearm disability until the conviction is vacated or the felon is relieved of his disability by some affirmative action, such as a qualifying pardon . . . ." Lewis, 445 U.S. at 60-61 . . . . The rule of lenity does not apply because the statute is unambiguous. It is the status of the defendant on the date he possessed the firearm as alleged in the indictment that controls whether or not he has violated the statute, not his later status after his civil rights have been restored.

Id. at 565-66. Thus, the court held the fact that Defendant Morgan's civil rights were restored with regard to his 1968 felony conviction in 1998 did not affect his felony status at the time he possessed a firearm on October 7, 1997. Id. at 566.

The Court observes that the culpability for conduct occurring while a defendant has a certain status does not evaporate once the defendant's status changes.

> For example, the same actions that forfeit bail for the guilty will forfeit bail for those later found innocent. One who flees prosecution is no less guilty if he is later found innocent of the original charge than if he were found guilty.
>
> [Likewise, a defendant's] possession of the revolver was unlawful for one of his status at the time he possessed it. It is not made lawful by the subsequent reversal of his conviction.

United States v. Liles, 432 F.2d 18, 21(9th Cir. 1970) (analyzing a felon in possession of firearms conviction under §1202) (internal citations omitted).

In the instant case, Defendant Houston's judgment of conviction for felony evading arrest was entered on July 27, 2010. Although the Defendant appealed that judgment, it had not been overturned at the time he is alleged to have possessed firearms in the instant Indictment. In other words, Defendant Houston was not relieved of the federal firearm disability stemming from his felony conviction, even though that felony conviction was on appeal. Accordingly, the Court finds

13

that the Defendant's Roane County judgment of conviction was a felony "conviction" as a matter of law at the time the Defendant is alleged to have possessed firearms in the Indictment.

### III. CONCLUSION

After carefully considering the parties' filings and the relevant legal authorities, the Court finds that the Defendant's Roane County judgment of conviction was a "conviction" for purposes of a federal firearms disability at the time that the Defendant is alleged to have possessed firearms in the Indictment. The Court **RECOMMENDS** that the Defendant's motion to dismiss [Doc. 88] should be DENIED.[4]

Respectfully submitted,

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge

---

[4] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).