UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
(at Knoxville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 13-09-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ROCKY JOE HOUSTON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is pending for consideration of Defendant Rocky Joe Houston's various motions *in limine*, seeking to prohibit the government from introducing, or attempting to introduce, certain evidence during the upcoming trial. [Record Nos. 107, 108, 109, 110, 114] For the reasons stated below, the defendant's motions will be denied.

**I.**

Defendant Rocky Joe Houston is charged with fourteen counts of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). To find the defendant guilty of violating 18 U.S.C. § 922(g)(1), the government must prove that: (i) the defendant has been convicted of a crime punishable by imprisonment for more than one year; (ii) the defendant knowingly possessed a firearm following his conviction; and (iii) the firearms traveled in or affected interstate commerce. *United States v. Daniel*, 134 F.3d 1259, 1263 (6th Cir. 1998); *United States v. Kincaide*, 145 F.3d 771, 782 (6th Cir. 1998).

-1-

Houston filed a number of motions *in limine* seeking to prevent the government from introducing several items of evidence, testimony, and arguments during trial. [Record Nos. 107-110, 114]  The government has responded to each of the defendant's motions.

## II.

While the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to a district court's inherent authority to manage the course of trials. *Luce v. United States*, 469 U.S. 38, 41 (1984).  And while a party may ask the Court to make an *in limine* ruling on evidentiary matters, it is within the Court's discretion to do so.  In short, there is no right to an *in limine* ruling. *Huddleston v. United States*, 485 U.S. 681, 688–89 (1988).  In fact, a ruling on a motion *in limine* is nothing more than a preliminary opinion which allows the parties to better formulate their trial strategy. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).  Additionally, "[t]he court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

Rule 402 of the Federal Rules of Evidence sets forth the general rule that relevant evidence is admissible, subject to certain exceptions, and irrelevant evidence is not admissible. *See* Fed. R. Evid. 402.  "Relevant evidence" is defined in Rule 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  In other words, relevancy can be determined by asking whether "the item of evidence tend[s] to prove the matter sought to be proved[.]"  Fed. R. Evid. 401 advisory committee's note.

Case 3:13-cr-00009-PLR-CCS   Document 140   Filed 01/16/14   Page 2 of 10   PageID #: 950

Relevancy is an extremely broad concept. Both the Supreme Court and the Sixth Circuit have noted that the standard set forth in Rule 401 is a liberal one. *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 905 (6th Cir. 2006) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993); *Hildebrand v. Bd. of Trs. of Mich. State Univ.*, 607 F.2d 705, 713 n.15 (6th Cir. 1979)).

However, Rule 403 of the Federal Rules of Evidence provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. Evidence is not excluded merely because it is damaging or prejudicial to a defendant's case; rather, it must be *unfairly* prejudicial. *See United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993). Evidence that is prejudicial only in the sense that it portrays the defendant in a negative light is not unfairly prejudicial for purposes of Rule 403. *United States v. Chambers*, 441 F.3d 438, 456 (6th Cir. 2006) (citing *United States v. Sanders*, 95 F.3d 449, 453 (6th Cir. 1996)). Moreover, to warrant exclusion, any danger of unfair prejudice posed by the evidence must *substantially outweigh* its probative value. Fed. R. Evid. 403. The Sixth Circuit has found this requirement significant. *See Koloda v. Gen. Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983). Rule 403 is not concerned with "the damage to the defendant's case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis." *United States v. Mendez-Ortiz*, 810 F.2d 76, 79 (6th Cir. 1986).

# III.

**A.     Evidence of Alleged Drug Possession or Drug Use by the Defendant**

Houston seeks to prohibit the government from introducing evidence that he possessed marijuana at the time of his arrest. [Record No. 107] He also seeks to exclude any evidence that drugs or drug paraphernalia were present in or around his residence on January 11 and 12, 2013. [*Id.*] The government responds that it does not intend to offer any evidence that the defendant possessed or used drugs of any kind. [Record No. 112] Because the government has expressed that it has no intention to introduce the evidence the defendant seeks to exclude through this motion, there is no need for an *in limine* ruling excluding it. Accordingly, the defendant's request to exclude evidence of alleged drug use or drug possession will be denied, as moot.

**B.     Evidence of Possession of Non-Firearm Weapons**

Houston also seeks to exclude evidence of the his possession of "any non-firearm weapons, *e.g.*, knives." [Record No. 108] The government again responds that it does not intend to offer evidence that the defendant possessed knives at the time of his arrest. [Record No. 116] Accordingly, this motion *in limine* is moot and will be denied.

**C.     Evidence of Ownership or Possession of Body Armor**

Next, Houston seeks to prevent the government from introducing or attempting to elicit testimony that he possessed or owned body armor. [Record No. 109] The defendant contends that his ownership or constructive possession of body armor is not relevant in a § 922(g)(1) felon-in-possession trial. [*Id.*, p. 2 (citing Fed. R. Evid. 401)] Further, he argues that even if it is found to be relevant, such evidence should be excluded "because its prejudicial effect

outweighs its probative value." [*Id.* (citing Fed. R. Evid. 403)] The government disagrees. It argues that evidence of the defendant's ownership or constructive possession of body armor is both relevant to the felon-in-possession charges and not unduly prejudicial. [Record No. 117]

As noted above, evidence is not excluded under Rule 403 just because it is damaging or prejudicial. Instead, it must be *unfairly* prejudicial to be subject to exclusion. Further, to warrant exclusion, the danger of unfair prejudice must *substantially outweigh* its probative value. Fed. R. Evid. 403. Therefore, Houston's argument that the body armor evidence's "prejudicial effect outweighs its probative value" misses the mark. Nonetheless, *United States v. Lee*, 612 F.3d 170 (3d Cir. 2010), is instructive. In upholding the defendant's § 922(g)(1) conviction, the Third Circuit reviewed, in part, the propriety of the trial court's evidentiary rulings allowing the introduction of evidence related to defendant's possession of a bullet-proof vest at the time of his initial encounter with law enforcement.[1] *Id.* at 183-86.

On appeal, the defendant argued that the trial court erred by allowing the government to: (i) introduce evidence that he was wearing a bullet-proof vest at the time he encountered law enforcement; and (ii) argue "what goes more with a bullet-proof vest than guns?" *Id.* at 183. Although the defendant and government analyzed the permissibility of the bullet-proof vest evidence under the purview of Rule 404(b), the Third Circuit held that the proper analysis should

---

1  In *Lee*, after witnessing the defendant run a stop sign, a police officer stopped the defendant's vehicle. Incident to the stop, the officer observed a coat wrapped around a long, black object in the back seat of the vehicle and what he believed to be a pistol lying on the defendant's lap. *Lee*, 612 F.3d at 174-75. The officer also observed that the defendant wearing a bullet-proof vest. *Id.* Following the initial stop, the defendant fled the scene. The vehicle was later located and the coat and a rifle were found in the vicinity of the vehicle. *Id.* at 175-76. However, the pistol was not recovered. *Id.* Following a jury trial the defendant was convicted of felony possession of the rifle pursuant to 18 U.S.C. § 922(g)(1), but was acquitted of the § 922(g)(1) charge related to the pistol. *Id.* at 177.

be under Rules 401 and 402. The court opined that the bullet-proof vest was circumstantial evidence related to a fact directly at issue — the defendant's alleged possession of a firearm. *Id.* at 183-84.

Beginning its analysis under Rule 401, the *Lee* court found that the evidence of the bullet-proof vest supported the inference that the:

> long, slender object beneath the coat on the backseat was a firearm, in the same the same manner that the presence of a razor and small glassine bags found at a crime scene can support the inference that white powder residue found nearby is cocaine. In both the case of drug paraphernalia and drugs and the case of a bullet-proof vest and a firearm, the relationship between the contraband and the tools sometimes used with contraband allows a logical inference to be drawn.

*Id.* at 184. The court concluded that the bullet-proof vest was circumstantial evidence upon which the jury could properly rely on in reaching a conclusion about the alleged gun possession. *Id.*

Turning to its analysis under Rule 403, the *Lee* court found that the bullet-proof vest evidence, accompanied by the prosecution's comment, was not unduly prejudicial. *Id.* at 184-85. The court noted that the prosecutor was only providing the jury with the "inferential step that he hoped would be made: that [the defendant] had [a] particular reason to protect himself against gun violence by wearing body armor because he was himself carrying a gun." *Id.* at 185. And although this evidence could be viewed as prejudicial to the defendant, it was not "unfairly prejudicial to suggest that bullet-proof vests and guns often accompany one another." *Id.*

Notably, the *Lee* court also found it persuasive that the district court provided the jury with a limiting instruction that any information related to the bullet-proof vest could only be considered for a limited purpose of "deciding whether the defendant had the state of mind,

-6-

knowledge, motive or intent necessary to commit the crime charged, or did not commit the acts for which he is on trial by accident or mistake." *Id.* Put another way, the district court's instruction encouraged the jury to weigh the bullet-proof vest only for the limited purpose of what it might imply about whether the defendant possessed a firearm. The *Lee* court concluded that, in light of the high degree of deference owed when reviewing a trial court's Rule 403 determination, "combined with the legitimate probative value of the evidence and the District Court's limiting instruction," the trial court's determination to allow the evidence of the bullet-proof vest was not in error. *Id.*

Here, the Court reaches the same conclusion as the Third Circuit in *Lee*. As the government has pointed out, the fact that the defendant not only possessed bullet-proof vests but that the vests were found in close proximity to the multiple firearms within his residence is probative of intent to possess and carry those firearms. The bullet-proof vests and the firearms were also uncovered during the search of his residence. Contrary to Houston's claims, evidence of his ownership or possession of bullet-proof vests is relevant to the § 922(g)(1) charges. Additionally, this evidence is not unduly prejudicial. Therefore, an *in limine* ruling excluding this evidence is not warranted. *See Ind. Ins. Co.*, 326 F. Supp. 2d, at 846.

**D.  Evidence of Characteristics or Nature of Firearms**

Houston also seeks to prevent the government from introducing evidence of the "type, nature, or characteristics[] of the firearms alleged to be possessed by the defendant, *e.g.*, 'high capacity,' 'semi-automatic,' 'assault-type,' 'military-style,' etc." [Record No. 110, p. 2] He argues that there is no requirement under § 922(g)(1) that a defendant possess a certain type of

-7-

Case 3:13-cr-00009-PLR-CCS   Document 140   Filed 01/16/14   Page 7 of 10   PageID #: 955

firearm and, therefore, the nature or characteristic of a possessed firearm is not relevant. [*Id.*, p. 2 (citing Fed. R. Evid. 401)] Further, Houston contends that, even if the nature or characteristics of the firearms are relevant, it should be excluded pursuant to Rule 403 because its "prejudicial effect outweighs its probative value." [*Id.*] Again, the government opposes the defendant's motion. The United States contends that it only intends to have its witnesses identify the firearms and related evidence for what they are. [Record No. 118] For example, if a specific handgun or rifle is semi-automatic or has a high-capacity magazine (*i.e.*, capable of holding more than ten rounds), the weapon will be described as such. [*Id.*]

Evidence regarding the identification and description of the firearms which the defendant allegedly possessed is relevant and is not prejudicial such that it should be excluded from evidence. It is not uncommon for firearms to be described as automatic or semi-automatic, or as an assault-type rifle or pistol in indictments charging § 922(g) violations. And, as noted by the government, some of this terminology the defendant seeks to exclude is found in the statutory definition section of Title 18 of the United States Code.

Additionally, while Houston is correct that § 922(g)(1) does not require the possession of a certain type of firearms, it is nonetheless required that the defendant possessed a firearm. [Record No. 110, p. 1] To convict the defendant for violating § 922(g)(1) the government must prove, in part, that the defendant knowingly possessed a firearm. More specifically, "the only knowledge required for a § 922(g) conviction is knowledge that the instrument possessed is a firearm."[2] *Rich v. United States,* No. 1:02-cv-317, 2005 U.S. Dist. LEXIS 46347, at *51 (W.D.

---

2  The term "firearm" is statutorily defined as:

Mich. July 5, 2005) (quotation marks and citations omitted); *see also United States v. Davis*, 27 F. App'x 592, 600 (6th Cir. 2001) ("[T]he only knowledge required for a § 922(g) conviction is knowledge that the instrument possessed is a firearm.") (internal quotation marks and citations omitted); *United States v. Spence*, 721 F.3d 1224, 1228 (10th Cir. 2013) ("[T]he knowledge element of § 922(g) . . . requires proof that a defendant knew the particular characteristics that made his [gun] a statutory firearm."). Houston's knowledge "can be inferred from circumstantial evidence, including any external indications signaling the nature of the weapon." *Spence*, 721 F.3d at 1228 (quotation marks and citations omitted). Thus, evidence of a firearm's characteristics is admissible as circumstantial evidence allowing the jury to infer that the defendant possessed what he knew to be a firearm fitting the statutory definition. Accordingly, this motion *in limine* will be denied.

### E. Designation of Evidence

Finally, Houston requests an order directing the government to designate any video excerpts and photographs it intends to attempt to introduce into evidence during trial. [Record No. 114] He contends that these designations will assist in avoiding potential evidentiary disputes. [*Id.*, p. 2] However, because the government has previously provided the defendant with the pole camera video footage in its entirety as well as the photographic evidence, his

---

. . . (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm.

18 U.S.C. § 921(a)(3).

request will be denied.³ The United States is not required to notify the defendant in advance of trial regarding the manner in which it intends to present its evidence.

### III.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Defendant Rocky Joe Houston's Motion *In Limine* #1: To Exclude Evidence of Alleged Drug Possession or Drug Use by the Defendant [Record No. 107] is **DENIED**, as moot.

2. Defendant Rocky Joe Houston's Motion *In Limine* #2: To Exclude Evidence of Possession of Non-Firearm Weapons by the Defendant [Record No. 108] is **DENIED**, as moot.

3. Defendant Rocky Joe Houston's Motion *In Limine* #3: To Exclude Evidence of Ownership or Possession of Body Armor by the Defendant [Record No. 109] is **DENIED**.

4. Defendant Rocky Joe Houston's Motion *In Limine* #4: To Exclude Evidence of Character or Nature of Firearms [Record No. 110] is **DENIED**.

5. Defendant Rocky Joe Houston's Motion *In Limine* #5: For Designation of Specific Video And Photography Evidence [Record No. 114] is **DENIED**.

This 16th day of January, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

3   The government indicates that it intends to provide the defendant with a disk containing the pole camera video clips that it will introduce during its case-in-chief. [Record No. 119] It also represents that copies of the photographs it intends to introduce were provided to the defendant early in discovery. [*Id.*]