UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
(at Knoxville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 13-09-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ROCKY JOE HOUSTON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendant Rocky Joe Houston's motions to dismiss the Indictment. [Record Nos. 20, 28] The defendant seeks dismissal based on allegations of conflicts of interest. These motions were referred to United States Magistrate Judge C. Clifford Shirley, Jr., to conduct a hearing and issue a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b). On March 15, 2013, Magistrate Judge Shirley held a hearing on these motions[1] and on April 15, 2013, he issued his report, recommending that the Court deny the relief sought. [Record No. 53] The defendant filed objections to the Magistrate Judge's R&R on May 1, 2013. [Record No. 58] Having fully considered the matter, the Court will deny the defendant's motions to dismiss the Indictment.[2]

---

1  At the March 15, 2013 hearing, Assistant United States Attorney ("AUSA") David C. Jennings appeared on behalf of the United States. The defendant proceeded *pro se* with the assistance of elbow counsel Norman D. McKellar. At the conclusion of the hearing, the Magistrate Judge granted McKellar's *Ex Parte* Motion to Withdraw as Elbow Counsel, which was filed at the direction of the defendant. [Record Nos. 24, 37]

2  While this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that

-1-

**I.**

After receiving information that Defendant Rocky Joe Houston, a convicted felon, was in possession of firearms, agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") commenced an investigation. As part of this investigation, on October 9, 2012, a video camera was installed on a utility pole adjacent to the Houston family property. On December 19, 2012, law enforcement obtained court authorization for the continued use of the pole camera. Based, in part, on information obtained from the pole camera, Defendant Rocky Joe Houston was arrested on a Criminal Complaint signed by United States Magistrate Judge H. Bruce Guyton. [Record Nos. 3, 4] On January 15, 2013, following the defendant's arrest, a federal grand jury returned an Indictment, charging the defendant with fourteen counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Record No. 7] The defendant was arraigned before Magistrate Judge Shirley on January 16, 2013. [Record No. 8]

The defendant contends that the Indictment should be dismissed. [Record Nos. 20, 28] Specifically, he argues that the December 19, 2012 search warrant authorizing law enforcement's continued use of a utility pole camera adjacent to his property was signed by Magistrate Judge Guyton while under a conflict of interest. However, Magistrate Judge Shirley correctly concluded that any alleged conflict of interest of Magistrate Judge Guyton was without merit and, even so, the defendant's arguments do not provide a reason to dismiss the Indictment. *See*

Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a magistrate judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Having reviewed *de novo* the portions of the Magistrate Judge's report to which objections have been made, the Court concludes that Houston's objections are without merit.

*Costello v. United States*, 350 U.S. 359, 363-64 (1956) (noting that an indictment may not be challenged on grounds that it is not supported by competent or adequate evidence). A magistrate judge does not issue the Indictment. Instead, the charging document is issued by a grand jury based upon a finding of probable cause that a crime has been committed. *See* Fed. R. Crim. P. 6; *see also United States v. Toatley*, 2 F. App'x 438, 441-42 (6th Cir. 2001) (noting the "well-accepted principle that grand jury indictments are presumed valid" and that the law is designed to limit a trial court's ability to dismiss indictments). None of the individuals who allegedly have a conflict of interest issued the Indictment, and Magistrate Judge Shirley correctly concluded that the defendant's motions to dismiss the Indictment were without merit.

## II.

In his objections to the Magistrate Judge's report, the defendant almost entirely realleges his arguments previously rejected by the magistrate judge. Specifically, he objects that: (i) that probable cause did not support the December 19, 2012 search warrant or Criminal Complaint; and (ii) Magistrate Judge Guyton signed the Criminal Complaint while under a conflict of interest. The defendant also claims that Magistrate Judge Shirley was under a conflict of interest when ruling on his motions to dismiss the Indictment. These arguments fare no better a second time and are without merit.

### A. Sufficiency of Criminal Complaint and Indictment and Alleged Conflicts of Interest

Beginning with the defendant's allegations of Magistrate Judge Guyton suffering from a conflict of interest, Magistrate Judge Shirley correctly found that these arguments are baseless and do not constitute proper grounds to dismiss the Indictment. [*See* Record No. 53, pp. 3-9]

As previously explained to the defendant on multiple occasions, a judge's recusal in a prior unrelated case does not necessarily require disqualification in a subsequent case. *See Cmtys. for Equity v. Mich. High Sch. Ath. Ass'n*, 459 F.3d 676, 698-99 (6th Cir. 2006) (citing *Person v. Gen. Motors Corp.*, 730 F. Supp. 516, 518-19 (W.D.N.Y. 1990) (stating that a judge's recusal in a prior case involving a party is not alone sufficient for disqualification in a later case involving that party)). Additionally, a judge's disqualification is neither required because one of the parties has initiated litigation against the presiding judge, nor does it summarily demonstrate partiality. *See Callihan v. E. Ky. Prod. Credit Ass'n*, No. 89-5578, 1990 WL 12186, at *2 (6th Cir. Feb. 13, 1990); *see also Clifford Leon Houston v. Wicks*, 503 F. App'x 338, 339 (6th Cir. 2012) (holding that a judge's recusal in a prior case is not an extrajudicial activity or an event causing a reasonable person to question the judge's impartiality and, therefore, is not a basis for a judge's recusal in another unrelated case).

Here, the defendant's claims of partiality are even more attenuated. The defendant's brother — not the defendant — filed the civil actions which he contends are the basis for Magistrate Judge Guyton's alleged conflict of interest. These prior lawsuits are entirely unrelated to this litigation and the defendant's Indictment. Beyond relying on the facts that his brother previously filed a number of lawsuits against Magistrate Judge Guyton (the last of which having been terminated nine months prior to Magistrate Judge Guyton signing the December 19, 2012 search warrant) and that Magistrate Judge Guyton previously recused from an entirely separate civil proceeding, the defendant provides no basis to support his subjective complaints that the magistrate judge has an "extreme and severe hatred, prejudice and personal bias" against

him and his brother. A judge "need not recuse himself based on the subjective view of a party no matter how strongly that view is held." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (internal quotation marks and citations omitted). Simply put, a reasonable person would not question Magistrate Judge Guyton's impartiality.[3] *See* 28 U.S.C. § 455(a).

Further, e*ven if* the defendant's alleged conflicts of interest had some basis in fact, they would not justify the dismissal of the Indictment. The Indictment is the charging instrument in this criminal matter and it supersedes the Criminal Complaint. *See* 1 Charles Alan Wright et al., Federal Practice and Procedure § 41 (4th ed.). Additionally, the grand jury makes the determination of whether probable cause supports the issuance of the Indictment, not a magistrate judge. *See* Fed. R. Crim. P. 6; *see also Costello*, 350 U.S. at 363-64; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002) ("[I]t has long been settled that the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause . . . .").

Notably, the defendant does not argue that the Indictment is either procedurally or substantively deficient. It is not. An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed R. Crim. P. 7(c)(1); *see also Hamling v. United States*, 418 U.S. 87, 117 (1974) (noting that an indictment is constitutionally sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an

---

3   The defendant's contentions that United States District Judge Thomas A. Varlan dismissed one of Clifford Leon Houston's civil lawsuits while allegedly in conflict of interest and his allegations of "felony indigency fraud" also fail. The defendant's unsubstantiated allegations have nothing to do with this criminal matter, do not involve the defendant, and do not warrant dismissal of the Indictment.

-5-

Case 3:13-cr-00009-PLR-CCS   Document 146   Filed 01/22/14   Page 5 of 9   PageID #: 979

acquittal or conviction in bar of future prosecutions for the same offense"). As noted above, the Indictment charges the defendant with fourteen counts of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Indictment indicates the dates of these alleged violations, tracks the language of the statute, provides the defendant with notice of the specific statute he is being charged with violating, and protects the defendant from double jeopardy. Thus, it is constitutionally sound. Fed. R. Crim. P. 6; *see also Hamling*, 418 U.S. at 117-18. Because the Indictment is valid, there is no reason to disturb the probable cause finding of the grand jury or to dismiss the Indictment.

Moreover, even if the Criminal Complaint was not superseded by the Indictment returned by the grand jury, a review of the Criminal Complaint reveals that it is supported by probable cause.[4] [*See* Record No. 3] The defendant objects that the Criminal Complaint is not supported by probable cause because it specifically does not identify: (i) who made the allegations of the defendant possessing firearms; (ii) the date of the alleged possession; (iii) the location of the alleged possession; and (iv) the type of firearm allegedly possessed. [Record No. 58, p. 4] These allegations are false. ATF Special Agent Jason Dobbs' sworn affidavit which is attached to the Criminal Complaint (and sworn to before Magistrate Judge Guyton) identifies each of the elements the defendant claims is not included in the Criminal Complaint. [*See* Record No. 3, pp. 2-4] Indeed, Special Agent Dobbs' affidavit more than sufficiently supports a finding of

---

4   To the extent the defendant's assertions address any issues of the constitutionality of the use of the pole camera and whether the December 19, 2012 search warrant was supported by probable cause, these issues will be addressed in full in the Court's Memorandum Opinion and Order addressing the defendant's motions to suppress. Nonetheless, neither of the defendant's arguments are with merit. The December 19, 2012 search warrant was supported by probable cause and is constitutionally sound.

probable cause that the defendant was a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

### B. Alleged Conflict of Interest of Magistrate Judge Shirley

Next, the defendant alleges that Magistrate Judge Shirley violated 28 U.S.C. § 455(a) by denying his motions to dismiss the Indictment while his impartiality could reasonably be questioned. [Record No. 58, p. 1] In support, he relies on an alleged conversation between Magistrate Judge Shirley and the defendant's former elbow counsel, Norman D. McKellar. [*Id.*, p. 2] The defendant contends that during this conversation Magistrate Judge Shirley informed McKellar that the defendant had previously sued him. He argues that this conversation establishes that the Magistrate Judge has a personal bias, prejudice, and hatred toward the defendant. [*Id.*, pp. 2-3] The defendant contends that his Sixth and Fourteenth Amendment rights have been violated. [*Id.*, p. 3]

Much like the defendant's arguments concerning alleged conflicts of interest of every other individual in this criminal matter he has sought to recuse, the defendant's allegations against Magistrate Judge Shirley also fail to establish a basis for dismissal of the Indictment. During the March 15, 2013 hearing, Magistrate Judge Shirley addressed the defendant's allegations concerning this issue — the defendant requested the assistance of elbow counsel and the Magistrate Judge began contacting attorneys to take up this representation.[5] [Record No. 49, pp. 54-56]

---

5   Although the defendant contends that the magistrate judge informed McKellar that the defendant had "sued everybody in the country," the magistrate judge denied the accusation, but, instead, stated: ". . . I doubt I said you'd sued everybody in the country. I might have said you'd sued me." [Record No. 49, pp. 54-56]

-7-

The fact that the defendant previously named Magistrate Judge Shirley as a defendant in one of his many lawsuits is a matter of public record. It appears that the defendant has made every attempt to make it known that he and his brother have previously sued Magistrate Judge Shirley (along with numerous other court officials in the Eastern District of Tennessee), citing to this fact in a number of his filings with the Court in an attempt to somehow demonstrate that there is a large conspiracy to perpetrate hate crimes against the defendant and his family.

Further, the defendant demanded that McKellar withdraw as elbow counsel because of his belief that certain subpoenas that McKellar submitted on his behalf should have been "signed and sealed by a clerk or deputy clerk as required by Rule 17(a)."[6] [Record No. 24, p. 1] The defendant also alleged that the failure to have those subpoenas issued was due to the alleged conspiracy against him, and that McKellar was a part of this conspiracy. McKellar denied the existence of any such conspiracy. [*Id.*, p. 2] The Magistrate Judge has repeatedly explained to the defendant the reasons those subpoenas were not issued. Further, the defendant has indicated he understands the reasons. In short, because the defendant has been granted pauper status, Rule 17(a) of the Federal Rules of Criminal Procedure does not apply to the defendant. Instead, Rule 17(b) applies. The subpoenas in question were not issued because the defendant did not comply with the Rule 17(b), not because of any alleged conspiracy to commit federal crimes against the defendant. The defendant has not demonstrated that the magistrate judge had an improper

---

6   The Court notes that after McKellar's request to withdraw as elbow counsel was granted, the defendant's June 28, 2013 motion for the assistance of counsel was granted, appointing attorney Robert Kurtz. [Record No. 75] Within a month the defendant requested Kurtz withdraw and new counsel be appointed. The Court obliged, relieved Kurtz as counsel, and appointed the defendant's third court-appointed attorney in this criminal matter, attorney Michael McGovern. [Record No. 80] McGovern has been representing the defendant since July 31, 2013.

motive to prejudice the defendant. Simply put, a "reasonable, objective person, knowing all of the circumstances," would not question Magistrate Judge Shirley's impartiality. *United States v. Tolbert*, 459 F. App'x 541, 545 (6th Cir. 2012).

**III.**

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge C. Clifford Shirley, Jr. [Record No. 53] is **ADOPTED** and **INCORPORATED** herein by reference.

2. Defendant Rocky Joe Houston's objections to the magistrate judge's Report and Recommendation [Record No. 58] are **OVERRULED**.

3. Defendant Rocky Joe Houston's motions to dismiss the Indictment [Record Nos. 20, 28] are **DENIED**.

This 22nd day of January, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge