UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
(at Knoxville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 13-09-DCR |
| V. | ) ) ) | |
| ROCKY JOE HOUSTON, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Rocky Joe Houston's motion to dismiss the Indictment which charges him with fourteen counts of being a convicted felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). [Record No. 88] Houston contends that he was not a prohibited person at the time of the alleged unlawful conduct. [*See* Record No. 89.] The defendant has also filed a motion for leave to file an untimely motion to certify a question of law to the Supreme Court of Tennessee. [Record No. 101]

The defendant's motion to dismiss the Indictment was referred to United States Magistrate Judge C. Clifford Shirley, Jr., pursuant to 28 U.S.C. § 636(b). On October 3, 2013, the magistrate judge issued a report, recommending that the Court deny the relief sought. [Record No. 94] On October 17, 2013, the defendant filed objections to the Magistrate Judge's

-1-

report, as well as untimely supplemental objections on December 17, 2013. [Record Nos. 99, 124] Having fully considered these matters, the Court will deny the relief sought.[1]

**I.**

On January 15, 2013, a federal grand jury returned an indictment, charging Defendant Rocky Joe Houston with fourteen counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Record No. 7] Specifically, the defendant is charged with illegally possessing firearms on: October 11, 15, 20, 23, 24 and 25, 2012; November 5, 14, 16, and 20, 2012; December 14, 19, and 22, 2012; and January 11, 2013. [*Id.*] The alleged predicate felony offense in this matter concerns a state court judgment for felony evading arrest from the Criminal Court of Roane County, Tennessee. *See State of Tennessee v. Rocky Joe Houston*, Case No. 13226. Following a jury trial, the Roane County Criminal Court entered a judgment of conviction for felony evading arrest on July 27, 2010. *Id.*; *see also* Tenn. Code Ann. § 39-16-603(b). The defendant was sentenced to a one-year term of imprisonment, which was suspended for time served.

Houston contends that he timely appealed the judgment as a matter of right to the Tennessee Court of Criminal appeals, Case No. E2011-01855-CCA-R3-CD. *See State v. Houston*, No. E2011-01855-CCA-R3-CD, 2013 Tenn. Crim. App. LEXIS 112 (Tenn. Crim.

---

1   While this Court must make a *de novo* determination of those portions of the magistrate judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a magistrate judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Having reviewed *de novo* the portions of the magistrate judge's report to which objections have been made, the Court concludes that Houston's objections are without merit.

App. Feb. 11, 2013). On February 11, 2013, the Tennessee Court of Criminal Appeals affirmed the defendant's felony conviction.[2] *Id.* On May 8, 2013, the Tennessee Supreme Court denied the defendant's appeal. *State v. Houston*, No. E2011-01855-SC-R11-CD, 2013 Tenn. LEXIS 449, at *1 (May 8, 2013). However, the defendant asserts that his predicate Roane County judgment for felony evading arrest was not a "final judgment" at the time of the conduct alleged in the Indictment because his direct appeal was still pending. [Record No. 89] Houston contends that, because his conviction was not final, he was not a prohibited person (*i.e.*, a convicted felon) at the time of the alleged conduct. Therefore, he asserts that the Indictment must be dismissed. [*Id.*]

## II.

Magistrate Judge Shirley began his analysis by examining whether the defendant may challenge the sufficiency of the Indictment prior to trial by arguing that he is not a prohibited person. [Record No. 94, pp. 4-7] He concluded that because the issue raised by the defendant is a question of law of which the essential facts of the limited issue raised are undisputed (*i.e.*, the dates of the Roane County judgment of conviction and the date his appeal was decided), that the issue can properly be determined pretrial. [*Id.*, p. 7] The defendant did not object to the magistrate judge's determination on this issue and the magistrate judge's recommendation will be adopted.

---

2     On May 8, 2013, the Tennessee Supreme Court denied the defendant's appeal of the Tennessee Court of Criminal Appeals affirmation of the defendant's felony conviction for evading arrest. *State v. Houston*, No. E2011-01855-SC-R11-CD, 2013 Tenn. LEXIS 449, at *1 (May 8, 2013).

Next, Magistrate Judge Shirley addressed whether Houston was a prohibited person under § 922(g)(1) at the times he is charged with illegally possessing firearms. [*Id.*, pp. 7-14] The defendant contends that because the state court judgment that serves as the predicate offense for all the counts of the Indictment was still pending on direct appeal it was not a final judgment and, therefore, not a "conviction" under Tennessee law. He argues that a criminal judgment is not final and, therefore, not a "conviction," until all appeals have been exhausted. Thus, he concludes that he was not a prohibited person (*i.e.*, a person "who has been convicted in any court of [a felony]," 18 U.S.C. § 922(g)(1)), at the time of any of the fourteen alleged offenses. [Record No. 89, pp. 1-2]

In support, the defendant relies on *Wilkerson v. Leath*, No. E2011-00467-COA-R3-CV, 2012 WL 2361972 (Tenn. Ct. App. June 22, 2012). In *Leath*, the Tennessee Court of Appeals held that a criminal judgment of conviction is not a final judgment for collateral estoppel purposes when the criminal judgment is on direct appeal. *Id.* at *6. From this holding, the defendant concludes that, under Tennessee law, "a criminal judgment is not final — and therefore not a 'conviction' for any purpose — until *all* appeals have been exhausted." [Record No. 89, p. 3] However, the magistrate judge correctly concluded that the scope of the *Leath* holding is more limited than the defendant contends. Further, it is not determinative of what constitutes a conviction for the purposes of § 922(g)(1). Instead, the magistrate judge found *State v. Vasser*, 870 S.W.2d 543 (Tenn. Crim. App. 1993), to be instructive of what constitutes a final conviction under Tennessee law for purposes of § 922(g)(1).

The defendant argues in his objections that the magistrate judge's reliance on *Vasser* is misplaced. [Record No. 99, p. 1] He contends that, unlike "most other penal statutes, recidivist statutes and § 922(g) criminalize or enhance punishment for conduct that would not be criminal or [result in] enhanced penalties absent a prior conviction." [*Id.*, p. 2] Houston asserts that due process "demands that the prior conviction be *final*, either because not appealed or because of having affirmed on appeal." [*Id.*] And he argues that, because a prior "conviction" is a substantive element of a § 922(g) offense, a narrower definition of "conviction" must apply. [*Id.*] The defendant's arguments are without merit and will be overruled.

Under federal law, a person convicted of a crime punishable by a term of imprisonment of more than one year may not possess any firearm. 18 U.S.C. § 922(g)(1). The term "convicted" as used within § 922(g)(1) is not defined by that statutory section. However, § 921(a)(20) provides, in part, that "[w]hat constitutes a conviction [for purposes of § 922(g)(1)] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." Relying on § 921(a)(20), the defendant contends that whether the entry of a judgment of conviction by Roane County Criminal Court constituted a "conviction" must be determined by Tennessee law.

After surveying the relevant authorities, the magistrate judge correctly determined that the defendant's Roane County judgment of conviction, which sets forth the jury's verdict and his sentence, is a "conviction" under Tennessee law for the purpose of establishing the consequence of his federal firearms disability. [Record No. 94, p. 10] In reaching this

-5-

Case 3:13-cr-00009-PLR-CCS   Document 163   Filed 01/27/14   Page 5 of 16   PageID #: 1047

determination, the magistrate judge found *State v. Vasser*, 870 S.W.2d 543 (Tenn. Crim. App. 1993) compelling.

In *Vasser*, the Tennessee Criminal Court of Appeals indicated that "what is meant by 'conviction' actually depends upon the context in which it is being used." *Id.* at 546. The court noted that in a general sense a "conviction" is defined as "'the result of a criminal trial which ends in a judgment or sentence that the accused is guilty as charged." *Id.* at 545 (quoting Blacks's Law Dictionary (6th ed.)). After detailing the numerous illustrations of how the word "conviction" is used throughout Tennessee's criminal statutory code, and subsequently interpreted by the courts, the *Vasser* court found there to be two distinct definitions, the second being the "technical" meaning. The court explained that:

> the technical meaning is used in terms of requiring a "judgment of conviction." *See* Tenn. R. Crim. P. 32(e) ("judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence"). In this sense, the judgment provides the legal authority for the executive branch of government to incarcerate a person who is sentenced to confinement. *See* T.C.A. §§ 40-20-101, 40-23-101. Also, the technical meaning is normally used, absent statutory definition to the contrary, when referring to the indirect or subsequent consequences which might result, such as, future civil disabilities. *See Vasquez v. Courtney*, 537 P.2d at 537-538 and cases cited therein.

*Id.* at 545-46. The magistrate judge correctly determined this definition to be applicable to the defendant's predicate state court felony.

The defendant objects to the application of *Vasser* in this case. In support, Houston again argues that *Leath* should be controlling. He asserts that, although the magistrate judge found that *Leath* is not determinative of when a conviction has occurred, he did not explain why it is not determinative. This argument misconstrues the magistrate judge's analysis. The magistrate judge

-6-

explicitly stated that *Leath* was limited to the narrow issue of whether a criminal judgment was final for *collateral estoppel purposes*, an issue not before the Court.

The defendant also argues that the Tennessee Supreme Court decision in *State v. Scarbrough*, 181 S.W.3d 650 (Tenn. 2005), is instructive. [Record No. 99, pp. 3-4] However, like *Leath*, *Scarbrough* addresses issues regarding the propriety of collateral estoppel. Specifically, the *Scarbrough* court addressed whether collateral estoppel could be asserted by the prosecution against a defendant in a criminal case. The Supreme Court of Tennessee held that, upon retrial, the prosecution was prohibited from using collateral estoppel against the defendant to establish an essential element of the charged offense.

The defendant attempts to expand the holding of *Scarbrough*, arguing that if the state may not establish an essential element of a felony conviction in a felony murder case through the use of collateral estoppel, "it rationally follows that the prosecution may not establish an essential element of a 'conviction' in a criminal case by use of a prior judgment of conviction that is still on appeal and, therefore, not *final*." [Record No. 99, p. 4 (emphasis in original)] However, much like the defendant's analysis of *Leath*, his reliance on *Scarborough* is overstated.

Moreover, the defendant's arguments ignore the remainder of the magistrate judge's analysis, along with the Congressional intent behind § 922. Although the magistrate judge found the holding of *Vasser* to be instructive of what constitutes a conviction for purposes of § 922(g)(1), this was not the only authority he relied upon in reaching his conclusion. The magistrate judge observed that, under the Tennessee Rules of Evidence, the defendant could have been impeached with evidence of his Roane County conviction following the initial

judgment of guilt, regardless of whether an appeal was pending, because, under Tennessee law, a convict is presumed guilty upon judgment. [Record No. 94, p. 10 (citing Tenn. R. Evid. 609(e)); *see also* Advisory Commission Comments to Rule 609.] Additionally, under Tennessee law, along with a presumption of guilt upon return of a judgment, the legal consequences and disabilities from a conviction (*i.e.*, incarceration, inability to vote, firearms disabilities, etc.) also attach following the entry of judgment in the trial court, not upon the exhaustion of all appeals.

The defendant's main contention is that his Roane County judgment of conviction was not a "final" judgment at the time of his alleged illegal activity because his direct appeal was still pending. This is squarely refuted by the Tennessee Rules of Criminal Appellate Procedure, as well as the statutory provisions governing the jurisdiction of the Tennessee Court of Criminal Appeals. Specifically, pursuant to Rule 3(b) of the Tennessee Rule of Appellate Procedure, a convicted criminal defendant "has a right to appeal when the trial court has entered a *final judgment* of conviction." *State v. Comer*, 278 S.W.3d 758, 760-61 (Tenn. Crim. App. 2008) (internal quotation marks omitted) (emphasis added). Put another way, "Rule 3 appeals . . . may be taken only from final judgments." *State v. Maddox*, 603 S.W.2d 740, 741 (Tenn. Crim. App. 1980); *see also* T.C.A. § 16-5-108(a)(1) ("The jurisdiction of the court of criminal appeals shall be appellate only, and shall extend to review of the *final judgments* of trial courts in . . . [c]riminal cases, both felony and misdemeanor.") (emphasis added). Further, the Tennessee Supreme Court has held that "a judgment is final 'when it decides and disposes of the whole merits of the case leaving nothing for the further judgment of the court.'" *Richardson v. Tenn.*

*Bd. of Dentistry*, 913 S.W.2d 446, 460 (Tenn. 1995); *see also Comer*, 278 S.W.3d at 761 (noting that "a judgment is final if it decides the controversy between the parties on the merits and fixes their rights so that, if the judgment is affirmed, nothing remains for the trial court to do but to proceed with its execution.") (quotation marks and citation omitted). This authority directly refutes the defendant's argument that his judgment of conviction was not final. It, therefore, follows that because the defendant's appeal is from his conviction, there is a clear distinction between a valid, final conviction and the exhaustion of all appeals of his conviction.

The defendant's position is further undercut by a review of federal case law. As the Sixth Circuit and its sister circuits have continuously held, it is "the status of the defendant on the date he possessed the firearm as alleged in the indictment that controls whether he has violated [§ 922(g)(1)]," regardless of whether the predicate felony conviction is subsequently invalidated. *United States v. Morgan*, 216 F.3d 557, 565-66 (6th Cir. 2000); *see also United States v. Olender*, 338 F.3d 629, 636 (6th Cir. 2003); *United States v. Robinson*, 191 F. App'x 408, 410 (6th Cir. 2006). "The focus of the inquiry under §§ 921(a)(20) and 922(g)(1) is whether someone has been convicted of a felony under state law, not whether that conviction is constitutionally valid, nor whether it may be used as a predicate conviction for subsequent state prosecutions." *See United States v. Marks*, 379 F.3d 1114, 1119 (9th Cir. 2004); *see also United States v. Leuschen*, 395 F.3d 155, 157 (3d Cir. 2005); *Burrell v. United States*, 384 F.3d 22, 27-28 (2d Cir. 2004) (holding petitioner not entitled to relief when predicate felony conviction not set aside until after felon-in-possession conviction); *United States v. Wallace*, 280 F.3d 781, 784 n.1 (7th Cir. 2002).

The legislative intent and statutory structure of § 922 further supports the conclusion that, although the defendant's state felony judgment of conviction was pending on direct appeal, it may still be properly constitute a predicate felony for the § 922(g)(1) charges he now faces. In *Morgan*, the Sixth Circuit held that "[t]he statutory structure of § 922 further indicates that Congress intended to establish a class of individuals who are presumptively dangerous and did not limit the class to those who are validly convicted, or even indicted." 216 F.3d at 566 (citations omitted). The Sixth Circuit, also quoted with approval *Lewis v. United States*, 445 U.S. 55 (1980), opining:

> that using an invalid conviction to prohibit a defendant from carrying a firearm did not violate the equal protection guarantee of the Due Process Clause of the Fifth Amendment because there was a rational basis to believe that a felony conviction, even if invalid, was an adequate basis on which to prohibit firearm possession. The Court also found that it was not inconsistent to hold that a later invalidated conviction can be a predicate offense for purposes of § 1202(a)(1),[3] while holding that such conviction cannot be used for other purposes.

*Morgan*, 216 F.3d at 564 (citing *Lewis*, 445 U.S. at 65-67).[4]

---

3   In *Lewis*, the Supreme Court examined the constitutionality of 18 U.S.C. § 1202 which prohibited the possession of firearms by any person who "has been convicted by a court of the United States or of a State . . . of a felony." 18 U.S.C. § 1202(a)(1) (repealed and incorporated into §§ 921-26). The Supreme Court opined that "with regard to the statutory question at issue here, we detect little significant difference between Title IV [§ 922(g) and (h)] and Title VII [§ 1202]." *Lewis*, 455 U.S. at 64.

4   In his objections, the defendant argues that recidivist statutes and § 922(g)(1) are similar because they both criminalize or enhance punishments for conduct that would not otherwise be criminal absent a prior conviction. He then contends that this leads to the conclusion that due process demands that any prior conviction must be final, either because not appealed or because of having been affirmed on appeal. [Record No. 99, p. 2] The defendant, however, neither elaborates on this argument nor provides any support for this conclusion. And, as outlined in this Memorandum Opinion and Order, the defendant's argument is without merit. *See also Morgan*, 216 F.3d, at 564. Additionally, to the extent the defendant argues that recidivist statutes and § 922(g)(1) are alike, in *Morgan* the Sixth Circuit reiterated the holding of *Lewis*, 445 U.S. 55 (1980), noting that:

> the Court also found that it was not inconsistent to hold that a later invalidated conviction

This authority contradicts the defendant's contention that his conviction may not properly act as a predicate felony conviction for purposes of § 922(g)(1). Although the defendant argues that the federal cases relied upon by the magistrate judge do not involve felon-in-possession convictions in which the predicate felony offense was on direct appeal at the time of the charged illegal firearm possession, this argument is unpersuasive. The legislative intent and federal jurisprudence is clear that it is the status of the individual at the time he possessed the firearm and that the necessary inquiry is whether the individual was convicted. As noted above, there are clear policy considerations underlying the prohibition against convicted felons possessing firearms. To excerpt from the operation of § 922 those felons whose judgment of conviction was pending on appeal would be inconsistent with the legislative intent to establish a class of individuals who are presumptively dangerous. Although, the defendant argues otherwise, the federal jurisprudence surrounding § 922 is instructive.

Here, the defendant's judgment of conviction for felony evading arrest was entered on July 27, 2010. Despite having appealed this judgment as a matter of right, at the time he was indicted in *United States v. Rocky Joe Houston*, Criminal Action No. 3: 13-09-DCR, his state

---

can be a predicate offense for purposes of § 1202(a)(1), while holding that such conviction cannot be used for other purposes. Id. at 66-67 (contrasting the firearms case with *Loper v. Beto*, 405 U.S. 473, 92 S. Ct. 1014, 31 L. Ed. 2d 374 (1972) (witness impeachment); *United States v. Tucker*, 404 U.S. 443, 30 L. Ed. 2d 592, 92 S. Ct. 589 (1972) (sentence enhancement); and *Burgett v. Texas*, 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967) (recidivist statute)).

*Morgan*, 216 F.3d at 564-65; *see also Lewis*, 445 U.S., at 67 ("The federal gun laws . . . focus not on reliability, but on the mere fact of conviction . . . in order to keep firearms away from potentially dangerous persons. Congress' judgment that a convicted felon, even one whose conviction was allegedly uncounseled, is among the class of persons who should be disabled from dealing in or possessing firearms because of potential dangerousness is rational.").

felony conviction had not been set aside, and it still has not. Thus, at the time of the alleged illegal conduct, the defendant had not be relieved of any federal firearm disability resulting from his felony conviction. For purposes of the § 922(g)(1) charges he now faces, reliance on his state felony conviction is proper.

### III.

The defendant has also filed supplemental objections to the magistrate judge's report. [Record No. 124] However, because these objections were filed sixty-five days after the magistrate judge entered his report, they are untimely and will be overruled as such. *See* Fed. R. Crim. P. 59(b)(2); *see also Arn*, 474 U.S., at 150; *Branch*, 537 F.3d, at 587. Notwithstanding the untimeliness of these supplemental objections, the additional arguments do not alter the Court's analysis and are without merit.

The defendant continues to argue in his supplemental objections that, because the state court judgment was still on direct appeal at the time of the alleged § 922(g)(1) charges, it was not final and not a conviction. In support, Houston submits a March 21, 2013 order from Senior Judge Jon Kerry Blackwood ruling that the defendant's petition for post conviction relief was prematurely filed. [Record No. 124-1, p. 1] Judge Blackwood's order stated that the defendant's felony judgment was "not a final order from which relief may be granted" and, therefore, premature. [*Id.*] The defendant argues that this Court must "defer to Judge Blackwood's interpretation of Tennessee state law on the finality of criminal judgments." [Record No. 124, p. 3] However, Houston is incorrect.

It is customary practice in Tennessee, as it is many other jurisdictions, that when a defendant files a petition for post-conviction relief while the case is still pending on appeal, the petition will usually either be stayed or dismissed as premature. *See, e.g., Shields v. State*, No. W2011-02442-CCA-R3-PC, 2013 Tenn. Crim. App. LEXIS 120, at *7 (Tenn. Crim. App. Feb. 8, 2013) (noting that the post-conviction court denied the defendant's petition for post-conviction as untimely because his direct appeal was still pending); *Avery v. State*, No. M2011-02493-CCA-R3-PC, 2013 Tenn. Crim. App. LEXIS 101, at *4-5 (Tenn. Crim. App. Feb. 6, 2013) (finding error where post-conviction proceedings were not stayed pending the disposition of appeal); *Jones v. State*, No. W2011-02737-CCA-R3-PC, 2013 Tenn. Crim. App. LEXIS 53, at *3 (Tenn. Crim. App. Jan. 22, 2013). In fact, Rule 28 of the Rules of the Tennessee Supreme Court which governs post-conviction procedures in Tennessee provides that a post-conviction "petition may be dismissed without a hearing if it . . . is filed while another post-conviction petition or direct appeal regarding the same conviction is pending . . . ." Tenn. Sup. Ct. R. 28 § 5.

The phrasing of Judge Blackwood's order is reflective of the rules which govern post-conviction petitions in Tennessee. The defendant's reliance on this order is overstated. As noted above, the defendant overlooks the fact that he could not have appealed his judgment of conviction if it were not a *final* judgment. *See Maddox*, 603 S.W.2d at 741 (holding that pursuant to Rule 3 of Tennessee Rules of Appellate Procedure "appeals . . . may be taken only from final judgments"); T.C.A. § 16-5-108(a)(1). In short, the state court order submitted by the defendant is a dismissal of a premature post-conviction motion and it is not indicative of, nor

-13-

does it change the Court's previous analysis of, the validity of the defendant's state court felony conviction acting as the predicate offense for his § 922(g)(1) charges.

Finally, the defendant argues that the civil law doctrine of *Rooker-Feldman* is applicable to his criminal case. [Record No. 124, pp. 4-5] However, this doctrine only applies to:

> cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.

*Coles v. Granville*, 448 F.3d 853, 857-58 (6th Cir. 2006) (quoting *Exon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). And as the Sixth Circuit has held, "[t]his Circuit and other circuits have taken the Supreme Court's guidance on the application of *Rooker-Feldman* and applied the doctrine only when a plaintiff complains of injury from the state court judgment itself." *Coles*, 448 F.3d at 858. Here the defendant is not alleging any injury arising from a state court judgment. Moreover, this is a doctrine of civil law and the defendant's attempt to apply it to this criminal matter is unconvincing.

## IV.

The defendant has also requested leave to file an untimely motion to certify a question of law to the Supreme Court of Tennessee. [Record No. 101] Specifically, the defendant seeks to certify the question of "[w]hether the judgment of a Tennessee criminal court in a felony case that is pending on direct appeal to the Tennessee Court of Criminal Appeals is a "conviction" for purposes of a subsequent criminal prosecution in which a Tennessee felony conviction is a substantive element of the offense?" [Record No. 101-1, p. 1] Although he contends that the

motion seeks supreme court review of a question that is determinative of matter, the defendant concedes that the motion is "not wholly necessary." [Record No. 101, p. 1]

Because the defendant has failed to demonstrate good cause for his failure to timely file this motion or to demonstrate the necessity of motion, his request for leave to untimely file a motion to certify will be denied. *See* Fed. R. Crim. P. 12(c) & (e). Additionally, although the Court has discretion to certify a question to a state supreme court, the undersigned has concluded, as outlined above, that a judgment of a Tennessee criminal court in a felony case that is pending on direct appeal constitutes a conviction for the purpose of a § 922(g)(1) charge. *See Rutherford v. Columbia Gas*, 575 F.3d 616, 627-28 (6th Cir. 2009) (noting that "decision to certify a question to a state court in a given case 'rests in the sound discretion of the federal court.'") (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)); *see also* Tenn. Sup. Ct. R. 23, § 1. Therefore, because the question which the defendant seeks to certify has been addressed on the merits, there is no need to certify any question of law concerning this issue.

**V.**

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge C. Clifford Shirley, Jr. [Record No. 94] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant Rocky Joe Houston's objections to the magistrate judge's Report and Recommendation [Record Nos. 99, 124] are **OVERRULED**.

-15-

3. Defendant Rocky Joe Houston's motion to dismiss the Indictment [Record No. 88] is **DENIED**.

4. Defendant Rocky Joe Houston's motion for leave to file a motion to certify a question of law to the Supreme Court of Tennessee out of time [Record No. 101] is **DENIED**.

5. Provided the parties do not stipulate to the state conviction discussed herein, and assuming the United States offers proper evidence of the conviction during the upcoming trial, Defendant Rocky Joe Houston will not be allowed to argue, assert, or otherwise imply to the jury that his conviction was not final and, therefore, not a qualifying conviction for purposes of the statute under which he has been charged in this action. Likewise, he will not be allowed to make such arguments during voir dire, opening statement, or closing argument.

This 24th day of January, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge

-16-

Case 3:13-cr-00009-PLR-CCS   Document 163   Filed 01/27/14   Page 16 of 16   PageID #: 1058