UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
(at Knoxville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 13-09-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ROCKY JOE HOUSTON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Rocky Joe Houston's renewed motion for judgment of acquittal. [Record No. 208] Because the jury's verdict was more than sufficiently supported by the evidence presented during trial, the defendant's motion will be denied.

**I.**

Agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") commenced an investigation after receiving information that Defendant Rocky Joe Houston, a convicted felon, was in possession of firearms. As part of the investigation, a video camera was installed on a utility pole adjacent to the Houston family property. After monitoring the pole camera, law enforcement attained a search warrant authorizing its continued use. On January 11, 2013, ATF agents obtained search warrants for the defendant's primary residence (373 Barnard Narrows Road), the defendant's brother Clifford Leon Houston's residence (391 Barnard Narrows Road), and Rocky Houston's daughter's residence (412 Barnard Narrows

-1-

Road). During the execution these warrants, law enforcement recovered twenty-five firearms from the residences at 373 and 391 Barnard Narrows Road.

The defendant was arrested on January 11, 2013, while away from Houston family property. Shortly thereafter, a federal grand jury returned an Indictment, charging the defendant with fourteen counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Record No. 7] However, prior to trial on January 28, 2014, the defendant argued that Counts 2 through 14 should be dismissed because they were multiplicitous of the crime charged in Count 1 and that continuous, uninterrupted possession of a firearm constitutes only one offense of 18 U.S.C. § 922(g)(1). On this basis, the government's motion to dismiss Counts 2-14 was granted. [Record No. 169]

The matter proceeded to trial but, on January 31, 2014, the Court granted the parties' joint motion to declare a mistrial due to the defendant's attorney's inadvertent failure to exercise a peremptory challenge regarding a juror the defendant sought to excuse. [Record No. 171] On March 17, 2014, this matter reconvened for the commencement of trial. On March 19, 2014, the jury found the defendant guilty of being a convicted felon in possession of a firearm on or about January 11, 2013, in violation 18 U.S.C. § 922(g)(1). On March 26, 2014, the defendant filed his renewed motion for a judgment of acquittal.[1] [Record No. 208]

**II.**

A defendant may file a motion for a judgment of acquittal challenging the sufficiency of the evidence under Rule 29(c) of the Federal Rules of Criminal Procedure. However, a motion

---

1   On March 18, 2014, after the government rested its case-in-chief, the defendant orally moved for a judgment of acquittal. His motion was denied. [*See* Record No. 202]

for acquittal should be denied if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Mackey*, 265 F.3d 457, 460 (6th Cir. 2001) (quotation marks and citations omitted) (emphasis in original); *see also United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007). The Court has a limited latitude when addressing sufficiency of the evidence questions. Indeed, it is not permitted to weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury. *United States v. Chavis*, 296 F.3d 450, 455 (6th Cir. 2002) (citations omitted). In fact, reversal is appropriate only if the judgment is not supported by "substantial and competent evidence upon the record as a whole." *Gardner*, 488 F.3d at 710 (quotation marks and citations omitted). This standard places a very heavy burden upon a defendant challenging his jury verdict on insufficiency-of-evidence grounds. *United States v. Tocco*, 200 F.3d 401, 424 (6th Cir. 2000).

### III.

Houston argues that a judgment of acquittal is necessary because "the evidence was insufficient to sustain a conviction" on the charge of being a convicted felon in possession of one or more firearms on January 11, 2013, in violation of 18 U.S.C. § 922(g)(1). [Record No. 208] He does not elaborate beyond this one sentence assertion. Regardless, the government presented more than sufficient evidence to support each element of the charged offense.

To prove a violation of 18 U.S.C. § 922(g)(1), the government is required to establish beyond a reasonable doubt that: (i) the defendant has been convicted of a crime punishable by imprisonment for more than one year; (ii) the defendant knowingly possessed a firearm

following his conviction; and (iii) the firearms traveled in or affected interstate commerce. *United States v. Daniel*, 134 F.3d 1259, 1263 (6th Cir. 1998); *United States v. Kincaide*, 145 F.3d 771, 782 (6th Cir. 1998).

At trial, the government introduced the July 27, 2010 Roane County Judgement from the defendant's prior state felony conviction for felony evading arrest. [*See* Government Trial Exhibit ("Govt. Ex.") A-1.] Also, the Clerk of Court for Roane County, Kim Nelson, testified regarding the defendant's previous conviction for felony evading arrest. She stated that the conviction carried a punishment of more than one year. This evidence sufficiently supports the jury's determination that the defendant was convicted of a crime punishable by imprisonment for more than one year. 18 U.S.C. § 9222(g)(1).

ATF Special Agent Jason Dobbs also testified at length regarding the installation of the video pole camera, law enforcement's use of the camera, its capabilities and functionality, the reliability of the camera, as well as his training and operation of the camera. Special Agent Dobbs stated that the defendant was observed on numerous occasions in possession of firearms. Clips of the video surveillance footage depicting the defendant in possession of a firearm on multiple dates – including January 11, 2013 – were played for the jury. Special Agent Dobbs also testified concerning the execution of the search warrants for the residences on the Houston family property, the searches themselves, and the twenty-five firearms recovered from 391 and 373 Barnard Narrows Road.

Although counsel for Houston insinuated that the defendant was separated from his wife and not living at his primary residence of 373 Barnard Narrows Road (but instead was living

at 412 Barnard Narrows Road where no firearms were uncovered), he offered absolutely no evidence in support. Instead, the government offered evidence demonstrating that the defendant resided at 373 Barnard Narrows Road and spent a majority of his time during the day at 391 Barnard Narrows Road. For instance, Special Agent Dobbs testified that the search of 412 Barnard Narrows Road revealed that the defendant's daughter and her husband lived at the residence, not the defendant. He further testified that there was no evidence of defendant residing at that address. Additionally, Special Agent Dobbs also testified that, throughout the investigation, the defendant was observed in the vicinity of 391 Barnard Narrows Road on a daily basis and that he was witnessed routinely walking from the direction of 373 Barnard Narrows Road each morning. The jury was also presented video clips and photographs supporting and confirming Special Agent Dobbs' testimony. Further, a letter was found in the defendant's brother's residence, written by the defendant, which identified his home address as 373 Barnard Narrows Road. [*See* Govt. Ex. 39.]

Deputy Jailer Henry Bright of the Knox County Sheriff's Department also testified in the government's case-in-chief. Bright testified that he was on duty and participated in booking the defendant at the Knox County Detention Facility on the night of his arrest. He testified that, during the defendant's booking, Houston identified his address as 373 Barnard Narrows Road. The jury was presented a video recording of the defendant's booking in which Houston repeatedly stated that his home address was 373 Barnard Narrows Road. [*See* Govt. Ex. 42.]

This information sufficiently refuted the unsupported assertion of Houston's attorney that the defendant did not reside at 412 Barnard Narrows Road. Rather, this evidence demonstrated

that Houston had dominion over the residences at 373 and 391 Barnard Narrows Road. Additionally, the jury was presented with testimony along with physical, photographic, and video evidence depicting the defendant in possession of one or more firearms on multiple occasions, including January 11, 2013. All of this evidence provided a sufficient basis for the jury to conclude that the defendant knowingly possessed these firearms, both directly and constructively, supporting the jury's determination that the defendant had a sufficient nexus to the firearms that was more than mere presence alone.

Finally, the parties stipulated that all the firearms seized on January 11, 2013, from 373 Barnard Narrows Road and 391 Barnard Narrows Road, Ten Mile Tennessee (as presented as government Exhibits 45 through 69), were manufactured outside the state of Tennessee, traveled in interstate commerce and, therefore, affected interstate commerce. [*See* Govt. Ex. 40.] Special Agent Dobbs also testified that none of the identified firearms had been manufactured in the state of Tennessee. Additionally, the parties stipulated that all of the identified firearms were test-fired and found to function as designed and thereby qualify as "firearms" as defined under federal law. [*Id.* (citing 18 U.S.C. § 921(a))]

## IV.

The evidence more than sufficiently established each required element of a § 922(g)(1) offense. Accordingly, it is hereby

**ORDERED** that Defendant Rocky Joe Houston's Renewed Motion for Judgment of Acquittal [Record No. 208] is **DENIED**.

This 1st day of April, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge