UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
(at Knoxville)

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 13-09-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ROCKY JOE HOUSTON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Rocky Joe Houston has moved for the undersigned to recuse from further participation in this matter under 28 U.S.C. § 455. [Record No. 223] Specifically, Houston (through his attorney Michael P. McGovern) argues that he has been unduly prejudiced by uncontested information that was presented by the government in his brother Clifford Leon Houston's two trials and sentencing hearing before the undersigned. Because his arguments are without merit, Houston's motion will be denied.

**I.**

Judicial disqualification is required under 28 U.S.C. § 455(a) "in any proceeding in which [the Court's] impartiality might reasonably be questioned." Section 455(b)(1) further requires disqualification "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The

-1-

standard for judicial disqualification is set forth in *Liteky v. United States*, 510 U.S. 540 (1994):

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

*Id.* at 555.

The Sixth Circuit has adopted the *Liteky* standard in judicial disqualification cases and has cautioned that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (alteration in original) (citation omitted); *see also Lyell v. Renico*, 470 F.3d 1177, 1186-87 (6th Cir. 2006). In short, unnecessary recusals waste judicial resources. *City of Cleveland v. Krupansky*, 619 F.2d 576 (6th Cir. 1980). Likewise, granting groundless disqualification motions also encourages judge-shopping.

## II.

On March 19, 2014, a federal jury found the defendant guilty of being a convicted felon in possession of firearms in violation 18 U.S.C. § 922(g)(1). The defendant has since filed his fifth motion for the undersigned to recuse from this matter.[1] [Record No. 223; *see*

---

1 Throughout this litigation, the defendant has unsuccessfully filed various *pro se* motions seeking the recusal of all federal judges tangentially involved in this matter (*i.e.*, United States District Judge Thomas A. Varlan, United States Magistrate Judge C. Clifford Shirley, Jr.), as well as an untimely motion filed by his attorney Michael P. McGovern to disqualify the United States Attorney for the Eastern District of Tennessee along with all members of his office. [*See* Record Nos. 27, 41, 128; *see also* Record No. 62.]

-2-

*also* Record Nos. 60, 63, 209, 215.] As the basis for his current motion, Houston argues that the undersigned was exposed to uncontested and overly-prejudicial information as the presiding judge in his brother's two criminal trials and sentencing hearing. [Record No. 223] More specifically, he identifies this information as evidence of: (i) his possession of a "large quantity of drugs;" and (ii) conduct relating to the May 2006 shooting deaths of Roane County Sheriff's Deputy Bill Jones and his ride-along Mike Brown. Houston contends that this is information is not relevant to his conviction for having been a felon unlawfully in possession of firearms and that it exacerbates his culpability. He maintains that this has affected and called into question the undersigned's ability to be fair and objective, necessitating recusal from sentencing proceedings.

As an initial matter, Houston's arguments misconstrue the record. He contends that, "[b]ut for" the undersigned presiding over his brother's recent criminal matters, this information would remain unknown to the Court. In making this assertion, the defendant conveniently ignores the fact that both he and his attorney have submitted numerous filings in this matter regarding a majority of the information he now asserts requires recusal. [*See, e.g.*, Record No. 25 (seeking to enlarge the jury pool due to publicity of the May 2006 shooting and subsequent state murder cases); Record No. 76 (*pro se* motion attaching pictures of the slain bodies of Deputy Jones and ride-along Brown); Record No. 90 (motion to adopt Clifford Leon Houston's requests for discovery); Record No. 128 (motion to disqualify U.S. Attorney containing discussion and photographs of billboards from the Houston family property).]

Much of this information is also a matter of public record and is contained in Houston's presentence investigation report ("PSR") as part of his criminal history. [Record No. 226, pp. 10-11 ¶¶ 35-37] Thus, *even if* the undersigned had not presided over Clifford Leon Houston's criminal trials and sentencing hearing, the Court would still be presented with the same evidence and information to which he now objects. *See Pepper v. United States*, 131 S. Ct. 1229, 1240 (2011) (holding that 18 U.S.C. § 3661 authorizes sentencing courts to consider, "*without limitation*, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law) (quoting 18 U.S.C. § 3661) (emphasis in original)); *see also United States v. Loaiza-Sanchez*, 622 F.3d 939, 942 (8th Cir. 2010) (holding that any "criminal conduct, whether or not related to the offense of conviction, it is part of 'the history and characteristics of the defendant' that the district court 'shall consider' in imposing an appropriate sentence, 18 U.S.C. § 3553(a)(1), and it may be relevant in a particular case to the factors enumerated in § 3553(a)(2)").

Further, Houston has consistently taken the position that the prosecution of this matter is in retaliation for the May 2006 shootings and his posting of billboards that are critical of local and federal authorities. [*See, e.g.,* Record No. 141, p. 2 (Houston, through his attorney, requesting a jury instruction that he has a First Amendment right to post his billboards).] As a result, the Government — *not* the defendant — filed a motion seeking to exclude this information from Houston's trial. [Record No. 150] Finally, the information which the defendant claims has raised concerns of the Court's impartiality and bias was presented by the defendant during hearings before the Magistrate Judge in this matter. The Court was

required to thoroughly review all of these transcripts to address Houston's numerous pretrial motions. Simply put, Houston's position that the Court would not have knowledge of this information "but for" presiding over his brother's trials is false.

Houston has also failed to identify any evidence of partiality stemming from an extra-judicial source or personal bias. And, in such instances, recusal is only necessary in "rare circumstances." *United States v. Tolbert*, 459 F. App'x 541, 545 (6th Cir. 2012). Rather, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Additionally, the Supreme Court has explained that:

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings . . . . Also not subject to deprecatory characterization as "bias" or "prejudice" are opinions held by judges as a result of what they learned in earlier proceedings.

*Id.* at 550-551.

And here, even if the Court were to disregard the fact that *Houston and his counsel have entered into the record the information they now contend is so prejudicial to require recusal*, Houston's arguments would still be unavailing. For instance, in *United States v. Hartsel*, 199 F.3d 812 (6th Cir. 1999), the Sixth Circuit upheld the district court's denial of the defendant's motion to recuse. There, the defendant argued that the judge was improperly

-5-

influenced and compromised because he was exposed to *ex parte* information regarding the defendant and disputed evidentiary facts by presiding over a co-defendant's plea and sentencing hearing prior to presiding over the defendant's bench trial. *Id.* at 820. The *Hartsel* court disagreed, noting that "[a]ny information the judge learned about [the defendant] or events surrounding his criminal activities came from his judicial activities and not from extrajudicial sources." *Id.* at 820-21.

Likewise, in *Tolbert*, the Sixth Circuit upheld the district court's denial of the defendant's motion to recuse at sentencing. The *Tolbert* defendant argued that, because the presiding judge witnessed the defendant assault a deputy marshal and verbally threaten the judge, recusal was necessary. *Tolbert*, 459 F. App'x at 545. The defendant claimed that a reasonable person would question the judge's impartiality because the judge witnessed these actions. *Id.* However, the Sixth Circuit found these arguments to be without merit and held that the defendant had failed to demonstrate any partiality stemming from an extra-judicial source or personal bias. *Id.* The court also explained "'judicial activity' extends beyond conduct that occurs within the confines of formal judicial proceedings, such as hearings and trials," and that the defendant's actions, although they took place after the judge had adjourned court, were not extra-judicial in nature. *Id*. (citing *Reed v. Rhodes*, 179 F.3d 453, 469 (6th Cir. 1999). The Sixth Circuit concluded that the defendant was unable to establish

that the conduct resulted in a judicial display of "deep-seated antagonism that would make fair judgment impossible." *Id.* (quotation marks and citation omitted).[2]

Again, *even if* the Court were to disregard the fact that the Houston and his attorney have presented much of the contested information to which they now object, Houston is unable to demonstrate any extra-judicial source of partiality. Further, Houston has not offered any evidence of bias or prejudice against him, or that any information acquired by the Court came from extra-judicial sources. *See, e.g.*, *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) (holding that "'[p]ersonal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases") (affirming district court's denial of the defendant's motion to recuse where "all the information known by the judge came from his judicial involvement with related cases, not from any extrajudicial or personal sources"). In short, Houston's motion has no factual support and no legal merit.

---

2   Houston's reliance on dicta contained in a footnote in *United States v. Lee*, 648 F.3d 667 (9th Cir. 1981), is overstated. Further, the facts of that case are inapposite to those presently before the Court. In *Lee* the court was confronted with the sentencing court's *in camera* review during trial of sensitive national security documents and the sentencing court's denial of the defendant's motion to disclose. *Id.* at 668-69. The Ninth Circuit held that the defendant's argument that these *in camera* submission constituted *ex parte* communication bearing on his sentence was misplaced. *Id.* 669. The court, however, noted that:

> We believe, however, that the judge, when confronted with a sensitive espionage or other political case in which national security information — exacerbating the culpability of the defendant or the gravity of his crime — has been submitted in camera, might do well to consider referring sentencing to another judge. This would do much to assure the appearance as well as the reality of fairness. The concern of our court in respect to ex parte communications to a sentencing judge has recently been expressed in *United States v. Kenny*, 645 F.2d 1323 at 1348 (9th Cir. 1981) (amended opinion).

*Id.* Again, despite not have any precedential effect, the facts of *Lee* are unlike those now before the Court.

## III.

For the reasons discussed herein, it is hereby

**ORDERED** that Defendant Rocky Joe Houston's motion for the undersigned to recuse from the sentencing proceeding of this matter [Record No. 223] is **DENIED**.

This 23rd day of June, 2014.



Signed By:
Danny C. Reeves  DCR
United States District Judge