# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:13-cr-9-PLR-CCS |
| ROCKY JOE HOUSTON, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Rocky Houston's pro se motion for a return of his property. [D. 270]. He argues that federal agents, in executing a search warrant on his property, went outside the bounds of that warrant and seized several pictures he had displayed in his yard.

The Court will treat this as a motion for return of property under Federal Rule of Criminal Procedure 41(g). Such motions are treated as civil actions in equity. *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990). As a result, Houston must show by a preponderance of the evidence that the Government has his property and that he is entitled to have it back. *See, e.g.*, *CIGNA Corp. v. Amara*, 563 U.S. 421, 444 (2011).

Houston has failed to meet this burden. The most compelling evidence he offers is a transcript excerpt from his sentencing hearing. During that hearing, Jason Mynatt, a Roane County Sheriff's Deputy, testified that he had retrieved "from the crime scene photos from the TBI file the actual pictures" at issue here. [D. 258 at 32:1–4]. If anything, this testimony shows that the TBI—a state agency—once had the photos, and then they were taken by Deputy Mynatt, a local police officer. In other words, Houston offers no evidence that the federal government has

1

the photographs. He has thus failed to show possession of property by the federal government. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003). Houston's motion for a return of property is **DENIED**.

    **IT IS SO ORDERED.**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**