UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROCKY JOE HOUSTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos. 3:13-CR-9-PLR-CCS-1 |
| | ) 3:16-CV-260-PLR |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Before the Court is Petitioner's supplemented motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 272, 285, 287].[1] The United States responded in opposition on July 1, 2016 [Doc. 274]; Petitioner replied in turn on July 27, 2016 [Doc. 275]. Recently, the United States filed a motion to deny and dismiss the petition based on an intervening decision of the Supreme Court [Doc. 284]. This Court is also in possession of three pro se motions—one "challenging . . . the government's authority to arrest and to prosecute" [Doc. 247], one requesting leave to supplement the district court record [Doc. 249], and one requesting leave to supplement Petitioner's amended petition [Doc. 288]—and a motion from Federal Defender Services of Eastern Tennessee (FDSET) requesting to withdraw as counsel and a 60-day extension of time for the submission of additional pro se theories of collateral attack [Doc. 286]. For the reasons below, FDSET's motion [*Id.*] will be **GRANTED nunc pro tunc**, Petitioner's pro se

---

[1] On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee (FDSET) for the limited purpose of investigating Petitioner's case to determine whether he was entitled to collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). E.D. Tenn. S.O. 16-02 (Feb. 11, 2016). Consistent with that appointment, FDSET filed the original petition for collateral relief [Doc. 272]. During pendency of the action, Petitioner filed a pro se supplement and a pro se amended petition [Docs. 285, 287]. This Court will treat the filings as a single petition.

request for a second extension [Doc. 288] will be **DENIED**, the United States' motion to deny and dismiss [Doc. 284] will be **GRANTED**, and Petitioner's supplemented § 2255 motion [Docs. 272, 285, 287] will be **DENIED** and **DISMISSED WITH PREJUDICE**. Petitioner's pro se motions "challenging . . . the government's authority to arrest and to prosecute" and requesting leave to supplement the record [Docs. 247, 249], will be **DENIED**.

I. BACKGROUND

In 2014, a jury convicted Petitioner of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), which subjected him to a statutory penalty range of up to ten years' imprisonment under 18 U.S.C. § 924(a)(2) [Doc. 226 ¶¶ 3, 47]. Because Petitioner's offense involved a "semiautomatic firearm . . . capable of accepting a large capacity magazine" and Petitioner had a prior Tennessee conviction for felony evading arrest, the United States Probation Office (USPO) calculated his base offense level as twenty-two pursuant to Section 2K2.1(a)(3) of the United States Sentencing Guidelines [*Id.* ¶ 15]. A six-level enhancement for possessing at least twenty-five firearms resulted in a total offense level of twenty-eight [*Id.* ¶¶ 16, 23]. Because Petitioner had a criminal history category of II, the USPO assigned him an advisory Guidelines range of 87 to 108 months' imprisonment [*Id.* ¶¶ 29, 48]. On June 30, 2014, this Court sentenced Petitioner to 108 months' imprisonment, within and at the top of that range [Doc. 241]. Petitioner appealed, but the Sixth Circuit Court of Appeals affirmed his conviction and sentence on February 8, 2016. *United States v. Houston*, 813 F.3d 282 (6th Cir. 2016).

Three months later—on May 23, 2016, Petitioner filed a timely § 2255 motion challenging his base offense level in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that

the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [Doc. 272 (arguing that the Guidelines residual clause is equally vague)].[2]

On March 6, 2017, the Supreme Court issued *Beckles v. United States*, which held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. 886, 894 (2017). Two weeks later, this Court entered an Order (1) noting the holding in *Beckles* (2) instructing the parties to "file any motion that they want[ed] the Court to consider in conjunction with, or prior to, ruling on [the instant] petition[] on or before April 1, 2017;" and (3) requiring that responsive pleadings be filed on or before April 15, 2017 [Doc. 282].

On March 26, 2017, the United States filed a motion to dismiss Petitioner's *Johnson*-based challenge in light of *Beckles* [Doc. 284]. Petitioner responded by filing a pro se supplement with two related theories for collateral relief: Petitioner's conviction under § 922(g)(1) must be vacated

---

[2]    The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

The Guidelines set a general base offense level of fourteen for violating 18 U.S.C. § 922(g). U.S. Sentencing Manual § 2K2.1(a)(6). For offenders with one prior conviction for either a "crime of violence" or "controlled substance offense," the base offense level increases to twenty. U.S. Sentencing Manual § 2K2.1(a)(4). Offenders with two such convictions face a base offense level of twenty-four. U.S. Sentencing Manual § 2K2.1(a)(2). "Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses and similar enumerated-offense clause).

or set aside because his only prior felony conviction, and thus the conviction used to designate him a prohibited person, was obtained in violation of his rights to a speedy trial and counsel [Doc. 285].

On March 31, 2017, appointed counsel requested that she be allowed to withdraw under the Standing Order in light of *Beckles* [Doc. 286 p. 1 (explaining that FDSET cannot further pursue a motion to vacate under *Johnson* according to the limited appointment authorization provided by the Standing Order)], and requesting that this Court grant Petitioner leave and a 60-day extension of time to file additional pro se grounds for collateral relief [*Id.* at 2 (reasoning that Petitioner should be given addition time to formulate and raise alternative challenges because his one year window for requesting post-conviction relief under § 2255(f)(1) has not yet lapsed)].

On April 3, 2017, Petitioner filed an "amended motion to vacate [or] set aside [his conviction" [Doc. 287]. The amended petition (1) omits Petitioner's *Johnson*-based challenge—which he admits is foreclosed by *Beckles*, (2) incorporates the arguments for relief contained in Petitioner's pro se supplement, and (3) asserts a novel theory—counsel was ineffective because he failed to investigate problems with Petitioner's prior state conviction or challenge this Court's use of that same offense as a prior felony conviction for purposes of § 922(g)(1) [*Id.*].

On April 17, 2017, Petitioner filed a pro se motion objecting to the United States's request for dismissal without prejudice [Doc. 288]. In it, he requests another 60-day extension of time so that he can submit two more grounds for relief: one alleging "ineffective assistance of counsel during the prosecution and sentencing;" and one arguing that his "felony conviction for evading arrest cannot qualify as a crime of violence independent of *Johnson* and *Beckles*" [*Id.*].

## II.    REQUESTS TO WITHDRAW AS COUNSEL AND FOR LEAVE TO AMEND

Because *Beckles* forecloses any possibility of *Johnson*-based relief, the request to withdraw will be **GRANTED nunc pro tunc** and counsel will be relieved of her duties under the Standing

4

Order.  FDSET's request for a 60-day extension to allow for the submission of additional pro se claims will also be **GRANTED nunc pro tunc**.  That 60-day period expired on May 30, 2017.

This Court is also in possession of Petitioner's pro se request for a second 60-day extension so that he can formulate even more challenges [Doc. 288].  If granted the extension, Petitioner suggests that he would collaterally attack his conviction and sentence by alleging unspecified instances of ineffective assistance of counsel and collaterally attack his base offense level by arguing that felony evading arrest is not a crime of violence regardless of *Johnson* and *Beckles*.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should "be freely given when justice so requires," Fed. R. Civ. P. 15(a), but relevant factors include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 833 (W.D. Tenn. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1965)).  Because this Court finds that another extension would cause an undue delay in proceedings and because the only proposed ground that Petitioner has identified with specificity lacks merit, his request [Doc. 288] will be **DENIED**.

FDSET filed the petition on May 23, 2016 [Doc. 272].  At no point during the ten-month period leading up to *Beckles* did Petitioner attempt to supplement that motion with additional or alternative grounds for relief.  Further, he had three months after *Beckles*—60 days of that attributable to FDSET's requested extension—to submit alternative grounds for relief.  Under these circumstances and in light of the significant extension already afforded, this Court finds that any additional delay in proceedings would be inappropriate.  Regardless, the only claim identified with specificity lacks merit because binding precedent dictates that felony evading arrest qualifies as a crime of violence under the Guidelines residual provision.  *See, e.g.*, *United States v. Doyle*,

678 F.3d 429, 431–36 (6th Cir. 2016) (holding that Class E felony evading arrest in Tennessee was a violent felony under the ACCA residual clause); *see also Beckles*, 137 S. Ct. at 894 (holding that the Guidelines residual clause is "not amenable to vagueness challenges"); *United States v. Ruvalcaba*, 627 F.3d 218, 224 (6th Cir. 2010) ("Because both share essentially the same definition, we apply the same analysis to determine whether a crime is a violent felony under the [ACCA] and to determine whether a crime is a crime of violence under [Section 4B1.2 of] the Guidelines.").

## III. SUPPLEMENTED PETITION FOR COLLATERAL RELIEF

### A. Standard of Review

To obtain relief under 28 U.S.C. § 2255, the petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He or she "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### B. Analysis

The supplemented petition contains four grounds for relief. The first three grounds allege legal error: *Johnson* removed Tennessee felony evading arrest from Section 4B1.2's definition of crime of violence and Petitioner now lacks the necessary predicate for enhancement under Section 2K2.1 (Ground One); and Petitioner's conviction under § 922(g)(1) must be vacated because the State of Tennessee obtained the prior felony conviction used to designate him a prohibited person in violation of his rights to a speedy trial and counsel (Grounds Two and Three). The fourth ground

argues that trial and appellate counsel deviated from professional norms by failing to investigate alleged defects in Petitioner's prior Tennessee conviction for felony evading arrest (Ground Four).

### 1. Ground One: Impact of *Johnson* on Section 2K2.1 Enhancement

To the extent that Petitioner argues *Johnson* invalidated the Guideline residual clause, his prior conviction for felony evading arrest cannot be categorized as a crime of violence without that provision, and he now lacks the necessary predicate for base offense level enhancement under Section 2K2.1, that argument fails because the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Beckles*, 137 S. Ct. at 894. Because *Johnson* does not affect Petitioner's base offense level, that decision cannot justify collateral relief.

### 2. Grounds Two and Three: Prior Felony Evading Arrest Conviction

Next, Petitioner asserts two related arguments for why this Court should vacate his conviction under § 922(g)(1): the State of Tennessee obtained Petitioner's only prior felony conviction in violation of his rights to a speedy trial and counsel. Neither theory justifies relief.

Individuals are generally precluded from collaterally challenging prior state convictions during the sentencing or post-conviction process. *See United States v. Lalonde*, 509 F.3d 750, 767 (6th Cir. 2007) (noting the rule represented a reversal of prior Sixth Circuit case law in *United States v. McGlocklin*, 8 F.3d 1037, 1043 (6th Cir. 1993), after that case was superseded by *Curtis v. United States*, 511 U.S. 485, 487 (1994)). A narrow exception exists where the challenge involves a violation of the right to counsel, i.e., alleges a deprivation of the rights guaranteed by *Gideon v. Wainwright*, 372 U.S. 335 (1963), *Lalonde*, 509 F.3d at 767 (citing *United States v. Carter*, 374 F.3d 399, 409 (6th Cir. 2004) and *United States v. Bonds*, 48 F.3d 184, 186–87 (6th Cir. 1995)), and the individual asserting that collateral challenge has "satisfie[d] the other procedural prerequisites for relief." *Jackson v. Miller*, 260 F.3d 769, 774 (7th Cir. 2001).

The speedy trial challenge fails because it is barred by *Lalonde*; the *Gideon* challenge fails because Petitioner procedurally defaulted that claim by failing to raise it at sentencing or on direct appeal. *See United States v. Calderon*, No. 98-1336, 1999 WL 801587, at *3 (6th Cir. Sept. 27, 1999) ("[D]irect appeal would have been the correct form in which to raise sentencing questions"); *Turner v. United States*, 99-5008, 1999 WL 777669, at *2 (6th Cir. Sept. 17, 1999) ("[A] motion to vacate under § 2255 does not serve as a substitute for bringing a direct criminal appeal.").

"In the case where the defendant has failed to assert his claim[] on direct appeal and thus has procedurally defaulted, in order to raise [that claim] in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise [the argument] and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *accord United States v. Frady*, 456 U.S. 152, 167-68 (1982). The "hurdle" that a petitioner faces to excuse procedural default is "intentionally high[,] . . . for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000)).

Petitioner does not alleged actual innocence, only that he lacks a valid prior felony conviction and thus is not a prohibited person under § 922(g)(1). *Accord Hurst v. United States*, No. 1:08-cv-267, 2010 WL 2803558, at *3–4 (E.D. Tenn. July 15, 2010) (characterizing similar argument—that the petitioner was not a prohibited person under § 922(g)(1)—as a "legal argument [that] could have been raised on direct appeal"). Nor does Petitioner identify a valid cause for the default. He blames trial and appellate counsel for not raising the challenge at sentencing or on direct appeal, but has not met his burden of demonstrating that the alleged omission amounted to constitutionally deficient representation. Accordingly, Grounds Two and Three will be dismissed. *See, e.g.*, *Spears v. United States*, No. 2:07-cv-648-FTM-29, 2008 WL 5398140, at *8 (M.D. Fla.

Dec. 24, 2008) (dismissing *Gideon* challenge to prior state convictions based on procedural default); *United States v. McCollum*, No. 5:04-cv-62-RH, 2005 WL 2176867, at *6–8 (finding that the petitioner procedurally defaulted *Gideon* challenge to prior state conviction and holding that the actions of counsel did not excuse that default).

### 3. Ground Four: Ineffective Assistance of Counsel

A petitioner alleging ineffective assistance must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel's assistance is presumed to have been effective, and the petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the court need not decide whether counsel's performance was deficient.

In his final claim, Petitioner alleges that he informed counsel about the problems with his felony evading arrest conviction, but that counsel failed to investigate or raise an objection based on those infirmities. The claim fails because the proposed objection would have been overruled.

Even if this Court were to assume that Petitioner's prior felony evading arrest conviction was obtained in violation of his rights to a speedy trial and counsel, i.e., is unconstitutional or invalid, that fact has no impact on the validity of his conviction under § 922(g)(1) because it is "the status of the defendant on the date he possessed the firearm as alleged in the indictment that controls whether he has violated [that provision]." *United States v. Morgan*, 216 F.3d 557, 565–66 (6th Cir. 2000). "The focus of the inquiry under . . . [§] 922(g)(1) is whether someone has been convicted of a felony under state law, not whether that conviction is constitutionally valid, nor whether it may be used as a predicate conviction for subsequent state prosecutions." *United States v. Marks*, 379 F.3d 1114, 1119 (9th Cir. 2004); *see also United States v. Leuschen*, 395 F.3d 155, 157 (3rd Cir. 2005) ("We hold that *Lewis v. United States*, 445 U.S. 55 (1980), precludes a defendant's collateral attack on a prior conviction in defense of a prosecution under § 922(g)(1)."); *Burrell v. United States*, 384 F.3d 22, 27–28 (2nd Cir. 2004) (holding that the petitioner was not entitled to relief when predicate felony conviction was not set aside until after felon-in-possession conviction); *United States v. Wallace*, 280 F.3d 781, 784 n. 1 (7ᵗʰ Cir. 2002) ("The Supreme Court of the United States has held that an offense may be predicated upon a prior state court felony conviction, even though the predicate conviction is subject to collateral attack.").

At the time of Petitioner's indictment in the instant case [E.D. Tenn. Case No. 3:13-cr-9-PLR-CCS-1], his prior Tennessee conviction for felony evading arrest had not been set aside, and it still has not. Because this Court would have overruled any objection to his indictment, prosecution, or conviction under § 922(g)(1) based on alleged constitutional infirmities in a yet-

to-be-set-aside prior state conviction, counsel cannot be held constitutionally ineffective for choosing not to raise the same. *See, e.g., Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010) (explaining that counsel is not constitutionally ineffective for failing to raise a meritless objection).

## IV. REMAINING NON-DISPOSITIVE MOTIONS

In addition to the supplemented petition, this Court is in possession of pro se motions "challenging . . . the government's authority to arrest and to prosecute" [Doc. 247], and requesting leave to supplement the record [Doc. 249]. The motions seek "immediate release" for the following reasons: the Second Amendment right to bear arms is an individual right applicable to the states under the Fourteenth Amendment; the State of Tennessee never "lawfully abrogated" Petitioner's right to bear arms because his prior felony evading arrest conviction was obtained in violation of the "protections guaranteed . . . by the [United States] Constitution"; and, as a result, the United States lacked jurisdiction to prosecute Petitioner under § 922(g)(1) [Docs. 247, 249].

Congress granted "district courts of the United States . . . original jurisdiction, exclusive of the [s]tates, of all offenses against the laws of the United States," 18 U.S.C. § 3231, and the United States Attorney's Office is vested with authority to prosecute violations of federal law. Petitioner violated federal law, and thereby subjected himself to prosecution by the United States and the jurisdiction of this Court, when he possessed a firearm after having been convicted of an offense "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). The fact that Petitioner's prior felony conviction may be subject to collateral challenge because it was allegedly obtained in violation of his rights to a speedy trial and counsel, does not prevent the United States from prosecuting him under § 922(g)(1) or this Court from hearing that case.

Petitioner also challenges the constitutionality of § 922(g)(1) and attempts to distinguish prior decisions upholding the constitutionally of that provision based on the fact that the Supreme

11

Court recently held that the Second Amendment confers an individual right to bear arms [Doc. 249 pp. 4–6], but the Sixth Circuit rejected a nearly identical argument in *United States v. Frazier*:

> The threshold question is thus whether the district court committed error, namely whether Frazier's conviction for possession of a firearm as a prior felon pursuant to 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A)(i) violated his Second Amendment right. The United States had argued that the district court did not err because the Second Amendment does not guarantee an individual right to bear arms. The Supreme Court resolved this issue after the briefs were submitted, holding that the Second Amendment does protect an individual's right to bear arms. *District of Columbia v. Heller*, ---U.S. ----, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008). Nevertheless, the Supreme Court clarified that "the right secured by the Second Amendment is not unlimited." *Heller*, 128 S.Ct. at 2816. Justice Scalia, writing on behalf of the majority, explicitly stated that "nothing in [the] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Heller*, 128 S.Ct. at 2816-17.
>
> We have long held congressional regulation of firearms constitutional. *See, e.g.*, *United States v. Warin*, 530 F.2d 103, 107 (6th Cir.1976) ("Even where the Second Amendment is applicable, it does not constitute an absolute barrier to the congressional regulation of firearms."). Indeed, we have also specifically found both 18 U.S.C. §§ 922 and 924 constitutional. *United States v. Calor*, 340 F.3d 428, 430-31 (6th Cir.2003) ("This Circuit has upheld the constitutionality of § 922(g)(8).") (collecting cases); *United States v. Dumas*, 934 F.2d 1387, 1388-90 (6th Cir.1990) (rejecting a series of constitutional challenges to 18 U.S.C. § 924); *United States v. Helton*, 86 Fed.Appx. 889, 892 (6th Cir.2004) (rejecting defendant's Second Amendment challenge to 924(c)). In *United States v. Napier*, 233 F.3d 394 (6th Cir.2000), we dismissed the defendant's Second Amendment challenge, noting that "[e]very circuit court which has had occasion to address the issue has upheld § 922 generally against challenges under the Second Amendment." *Id.* at 403 (collecting cases); *see also United States v. Waller*, 218 F.3d 856, 857 (8th Cir.2000) ("[I]t is now well-settled that Congress did not violate the Second Amendment in enacting [§ 922(g)(1) ].").
>
> The district court thus did not commit error in entering judgment against Frazier pursuant to 18 U.S.C. §§ 922 and 924 because his conviction is not in violation of the Second Amendment.

314 F. App'x 801, 807 (6th Cir. 2008). Similar to Frazier, Petitioner's conviction under § 922(g)(1) did not violate the Second Amendment and the fact that the state conviction that made

him a prohibited person might be subject to collateral challenge is irrelevant to that determination. Because Petitioner's pro se motions for "immediate release" lack merit, they will be **DENIED**.

## V. CONCLUSION

For the reasons discussed, FDSET's motion to withdraw and request for a 60-day extension [Doc. 286] will be **GRANTED nunc pro tunc**, Petitioner's pro se request for a second 60-day extension and leave to amend [Doc. 288] will be **DENIED**, the United States' motion to deny and dismiss [Doc. 284] will be **GRANTED**, and Petitioner's supplemented § 2255 motion [Docs. 272, 285, 287] will be **DENIED** and **DISMISSED WITH PREJUDICE**. Petitioner's pro se motions "challenging . . . the government's authority to arrest and to prosecute" [Doc. 247], and requesting leave to supplement the record [Doc. 249], will be **DENIED**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

*[Signature]*
**UNITED STATES DISTRICT JUDGE**