No. 14-5800

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Jan 03, 2020<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| v. | ) | O R D E R |
| ROCKY JOE HOUSTON, | ) | |
| Defendant-Appellant. | ) | |

Rocky Joe Houston moves to recall the mandate in *United States v. Houston*, 813 F.3d 282 (6th Cir.), *cert. denied*, 137 S. Ct. 567 (2016). He argues that the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) calls into question the holding in his case that, under Tennessee law, he had been convicted of a felony even though his state-court conviction qualifying him as a felon was not final on appeal.

The court has the inherent authority to recall its mandate. *Patterson v. Haskins*, 470 F.3d 645, 661–62 (6th Cir. 2006). But "such power should only be exercised in extraordinary circumstances because of the profound interests in repose attached to a court of appeals mandate." *United States v. Saikaly*, 424 F.3d 514, 517 (6th Cir. 2005) (order). It is also "one of last resort, to be held in reserve against grave, unforeseen contingencies." *Calderon v. Thompson*, 523 U.S. 538, 550 (1998). Thus, a party seeking to recall a mandate must show exceptional circumstances overriding the strong public policy favoring finality of judgments. *See Saikaly*, 424 F.3d at 517; *BellSouth Corp. v. FCC*, 96 F.3d 849, 851 (6th Cir. 1996).

No. 14-5800
-2-

Houston was a prohibited person because, notwithstanding his pending appeal, he was convicted under both possible definitions of "conviction" in Tennessee law. *Houston*, 813 F.3d at 292. *Rehaif* by its terms does not require that Houston know finality was necessary for his conviction to constitute a "conviction." *See Rehaif*, 139 S. Ct. at 2200 (explaining that the opinion does not extend to examples listed by Justice Alito in dissent, one of which is a defendant would have to know that he is a convicted felon under 18 U.S.C. § 922(g)(1)); *id.* at 2208–09 (Alito, J., dissenting).

The motion to recall the mandate is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: January 03, 2020

Mr. Thomas Hauser Castelli
Ms. Candace C. Crouse
Mr. Rocky Joe Houston
Mr. Steven Richard Jaeger
Mr. David Charles Jennings
Ms. Rachel Levinson-Waldman
Ms. Jennifer Lynch
Mr. Michael William Price
Mr. Nathan Freed Wessler
Mr. Christopher David Wiest

Re: Case No. 14-5800, *USA v. Rocky Houston*
Originating Case No. 3:13-cr-00009-1

Dear Mr. Houston and Counsel:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Patricia J. Elder
Senior Case Manager

cc: Mr. John L. Medearis

Enclosure